IN the INTEREST OF LEIF E.N. & NORA M.S., Children under the Age of 18:

STATE of Wisconsin, Petitioner-Respondent,

v.

DAWN M., Respondent-Appellant.

Court of Appeals

*No. 94–1424. Submitted on briefs November 2, 1994.—Decided November 30, 1994.*

(Also reported in 526 N.W.2d 275.)

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Robert G. Bramscher* of Kenosha.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Mary M. Hart*, assistant district attorney.

Before Anderson, P.J., Brown and Snyder, JJ.

ANDERSON, P.J. Dawn M. appeals from several orders of the juvenile court; the order we are concerned with denied her motion objecting to the jurisdiction of the court. Dawn contends that the expiration of the consent decree deprived the court of jurisdiction to consider the State's motion to vacate the consent decree. The statute regulating consent decrees is plain and straightforward; it dictates that before the consent decree expires, the juvenile court must find that the terms of the consent decree have been violated. We reverse because the juvenile court erred when it concluded that it retained jurisdiction after the expiration of the consent decree.

After a "Petition for Determination of Status—In Need of Protection or Services" was filed alleging that Leif E.N. and Nora M.S. were neglected children, as defined in § 48.13(10), STATS., Dawn, their mother, entered into a nine-month consent decree.[1] Under the

---

[1] Although the term of the consent decree is not an issue raised in this appeal, the length of a consent decree is to be no more than six months unless the original petition alleges that the child is in need of protection and services because of habitual truancy, in which case the consent decree's term can be for a

terms of the consent decree, Dawn agreed to comply with several conditions, including refraining from the use of alcoholic beverages. The consent decree was scheduled to expire on August 2, 1993. On July 30, 1993, the State filed a motion to vacate the consent decree based on a memorandum, received two days earlier, detailing Dawn's use of alcohol during the period of the consent decree. A hearing on the State's motion was scheduled for August 6, 1993, and ultimately held on August 27, 1993.

Dawn objected to the jurisdiction of the court on the grounds that the expiration of the consent decree on August 2, 1993, deprived the court of any jurisdiction. She argued that under § 48.32(3), STATS., the court's finding that the consent decree had been violated had to be made before the decree expired on August 2, 1993. The court denied the motion, holding that the statute was ambiguous and the ambiguity must be resolved in favor of the best interest of the child. At the hearing on Dawn's motion to reconsider, the court explained the ambiguity it found in the statute as follows:

> Now, let's look at 48.32(3). Here's how you could read it and it would make more sense. If the Court finds that the child or parent, legal guardian or

period of one year. Section 48.32(2)(a) and (b), STATS. The nine-month length of the consent decree in this case exceeds the six-month term provided by statute. A consent decree is not a stipulation and the parties cannot stipulate to a longer term than that provided by statute. The statute provides that upon notice to the parties the term of the consent decree can be extended up to six months. Section 48.32(2)(c). We suggest to those who are part of the juvenile justice system that they strictly adhere to the statutory procedures of the juvenile code and not engage in imaginative self-help.

legal custodian has failed to fulfill the express terms and conditions of the consent decree prior to discharge by the Court or the expiration of the consent decree. I don't think that in reading that it says that the Court has to find it before it all expires. It has to find it, if it happened, before it expires.

Dawn appeals from the juvenile court's conclusion that the expiration of the consent decree on August 2, 1993, did not deprive it of the jurisdiction to hear evidence of Dawn's noncompliance with the conditions of that decree and vacate the expired decree. The resolution of the issue raised by Dawn depends upon whether the juvenile court correctly interpreted § 48.32(3).

Statutory interpretation presents a question of law. *Shepherd Legan Aldrian Ltd. v. Village of Shorewood,* 182 Wis. 2d 472, 477, 513 N.W.2d 686, 688 (Ct. App. 1994). This court engages in statutory interpretation on its own without any deference to the juvenile court and we are not bound by the conclusions of the juvenile court. *Id.* If the statute is clear on its face, this court will not look beyond the statute in applying it. *Antonio M.C. v. State*, 182 Wis. 2d 301, 308, 513 N.W.2d 662, 665 (Ct. App. 1994). A statute is ambiguous if it is capable of being understood by a reasonably well-informed person in more than one sense. *Id.*

Section 48.32(3), STATS., sets forth the procedure when the State seeks to vacate a consent decree.

> *If, prior to* discharge by the court, or *the expiration of the consent decree, the court finds* that the child or parent, legal guardian or legal custodian has failed to fulfill the express terms and conditions of the consent decree or that the child objects to the continuation of the consent decree, the hearing under which the child was placed on supervision may be

continued to conclusion as if the consent decree had never been entered. [Emphasis added.]

■

We conclude that the statute is capable of being understood in only one manner. The plain language of the statute requires the juvenile court to make its finding that the consent decree was violated *before* the consent decree expires.

A consent decree is nothing more than a statutory procedure for the "informal" disposition of a delinquency or CHIPS petition under the juvenile code. The consent decree avoids the requirement that the child, parent, guardian or legal custodian enter an admission or denial of the allegations, but it still provides for the delivery of necessary social services under court supervision. Section 48.32(1), STATS. If the parties enter into a consent decree, the proceedings are suspended, § 48.32(1), and when the consent decree expires, the original petition is to be dismissed with prejudice and no further action can be taken based on the specific conduct alleged in the original petition. Section 48.32(4).

■

As we have written in other cases, the ability of the juvenile court to hear and decide matters under the juvenile code is conferred by statute. *See Michael J.L. v. State,* 174 Wis. 2d 131, 137-38, 496 N.W.2d 758, 760-61 (Ct. App. 1993). The juvenile court is not competent to act until a delinquency or CHIPS petition is filed to initiate a juvenile proceeding. *Id.* Because it is the filing of the petition that confers competency upon the juvenile court, the dismissal of the petition revokes the competency of that court. When a consent decree expires, the original delinquency or CHIPS petition *is* dismissed with prejudice, § 48.32(4), STATS., and the

competency of the juvenile court is revoked; therefore, it is without any power or authority to consider a motion to vacate the consent decree.

Because the adjudication power of the juvenile court is a lesser power, *see Michael J.L.*, 174 Wis. 2d at 137, 496 N.W.2d at 760, § 48.32(3), STATS., in straightforward language limits the authority or competency of the juvenile court to vacate consent decrees. The plain language of the statute requires the juvenile court to exercise its authority before it is revoked by the dismissal of the original petition upon expiration of the consent decree.

We conclude that when the consent decree expired on August 2, 1993, the original CHIPS petition was automatically dismissed and the authority of the juvenile court was revoked. The filing of the motion to vacate the consent decree did not extend the term of the consent decree and prevent the automatic dismissal of the original petition. In order to extend the consent decree, the juvenile court must give notice to all of the parties and their counsel, and if any party objects, a hearing must be conducted. Section 48.32(2)(c), STATS. The notice of motion filed by the State does not constitute notice by the court of an intent to extend the decree.

The motion to vacate also does not toll the running of the term of the consent decree under the provisions of § 48.315, STATS. There is no direct provision made in the statute to exclude from time computations any time after the filing of a motion to vacate a consent decree. Likewise, § 48.365(6), STATS., which permits extensions of dispositional orders up to thirty days if a motion to extend the order is filed prior to the termination of the

486

order, makes no provisions for extending consent decrees under similar circumstances.

The State contends on appeal that a ruling requiring the juvenile court to vacate a consent decree before it expires effectively shortens the term of the consent decree. The State theorizes that in order to meet the clear deadline of § 48.32(3), STATS., a motion to vacate would have to be filed at least thirty days before the scheduled expiration date of the decree, which would shorten a six-month decree to five months. The succinct answer to this argument is that as a result of our holding in this case the term of the consent decree remains six months; the child, parent, guardian or legal custodian remain under supervision and receive social services for the full six months. The practical effect of our ruling is to require immediate and close supervision of the parties to the consent decree, a consequence that benefits all involved.

Our conclusion that the juvenile court must vacate a consent decree before it expires does not prevent the State from providing continuing services to the child, parent, guardian or legal custodian. The State can still file a delinquency or CHIPS petition the day the consent decree expires; the only restriction is that the new petition cannot be based upon the conduct alleged in the original petition. Section 48.32(4), STATS. Because of the passage of time, this restriction should not prove unduly burdensome to the State.

The juvenile court erred when it vacated the consent decree after August 2, 1993, proceeded to a dispositional hearing on October 11, 1993, and entered a dispositional order at the conclusion of that hearing. Because the court's authority to adjudicate was revoked when the consent decree expired, we reverse the dispositional order and remand to the juvenile

court with directions to enter an order dismissing the original petition with prejudice.

*By the Court.*—Order reversed and cause remanded with directions.