IN the INTEREST OF NADIA S., a person Under the Age of 18:

SALLIE T., Appellant-Petitioner,

v.

MILWAUKEE COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES and Gloria S., Respondents.

Supreme Court

*No. 96–3147. Oral argument February 18, 1998.—Decided June 24, 1998.*

(Also reported in 581 N.W.2d 182.)

For the appellant-petitioner there were briefs by *George N. Kotsonis* and *Law Offices of George N. Kotsonis*, Milwaukee and oral argument by *George N. Kotsonis*.

For the respondent, Milwaukee County DH&HS, the cause was argued by *Debra M. Sciano*, assistant district attorney, with whom on the brief was *E. Michael McCann*, district attorney.

For the respondent, Gloria S., there was a brief and oral argument by *Charles L. Glynn*, Milwaukee.

For the guardian ad litem there was a brief by *Lisa D. Walker* and *Legal Aid Society of Milwaukee, Inc.*, Milwaukee and oral argument by *Michael J. Vruno, Jr.*

¶ 1. ANN WALSH BRADLEY, J. The petitioner, Sallie T., seeks review of a published decision of the court of appeals[1] affirming a circuit court order returning the petitioner's foster child to the biological mother. The petitioner contends that the circuit court incorrectly determined that compliance with the return home conditions in a child in need of protection or services (CHIPS) dispositional order created a presumption that return home was in the child's best interests. Although the dispositional order has expired, we address the issue because it presents a matter of great public concern and offers an opportunity to provide guidance to the circuit courts. We determine that compliance with a dispositional order is not dispositive of a child's best interests. Because the circuit court has lost competency to proceed in this matter, we affirm the decision of the court of appeals.

¶ 2. The child at the center of this dispute, Nadia, was less than a year old when she was originally adjudged a child in need of protection or services, pursuant to Wis. Stat. § 48.13(10),[2] and removed from the

---

[1] *Sallie T. v. Milwaukee County Department of Health and Human Services*, 212 Wis. 2d 694, 570 N.W.2d 46 (Ct. App. 1997) (affirming decision of circuit court for Milwaukee County, Thomas P. Donegan, Judge).

[2] Wis. Stat. § 48.13 indicates in pertinent part:

**Jurisdiction over children alleged to be in need of protection or services.** The court has exclusive original jurisdiction over a child alleged to be in need of protection or services which can be ordered by the court, and:

(10) Whose parent, guardian or legal custodian neglects, refuses or is unable for reasons other than poverty to provide necessary care, food, clothing, medical or dental care or shelter so as to seriously endanger the physical health of the child. . . .

Unless otherwise noted, all statutory references are to the 1995–96 volumes of the Wisconsin Statutes.

home of her biological mother, Gloria. Pursuant to Wis. Stat. § 48.38(4)(g),[3] the CHIPS dispositional order transferring Nadia's placement imposed several conditions upon Gloria's conduct before return of the child could be contemplated.[4]

¶ 3. Approximately five years after Nadia's placement with Sallie, the Milwaukee County Department of Health and Social Services (DHSS) filed a notice of change of placement pursuant to Wis. Stat. § 48.357,[5] intending to return Nadia to Gloria. Without

---

[3] Wis. Stat. § 48.38 indicates in part:

(4) CONTENTS OF PLAN. The permanency plan shall include a description of all of the following:

. . . .

(g) The conditions, if any, upon which the child will be returned to his or her home, including any changes required in the parents' conduct, the child's conduct or the nature of the home.

[4] These conditions included cooperation with the Milwaukee County Department of Health and Social Services, maintenance of suitable household conditions, psychological evaluation, extensive visitation with the child, abstinence from alcohol and drugs, chemical dependency counseling, and a bar on physical discipline of her children.

[5] Wis. Stat. § 48.357 indicates:

**Change in placement.** (1) The person or agency primarily responsible for implementing the dispositional order, the district attorney or the corporation counsel may request a change in the placement of the child, whether or not the change requested is authorized in the dispositional order and shall cause written notice to be sent to the child or the child's counsel or guardian ad litem, parent, foster parent. . . . Any person receiving the notice under this subsection. . .may obtain a hearing on the matter by filing an objection with the court within 10 days of receipt of the notice. . . .If . . . the change in placement would remove a child from a foster home. . .the court shall permit the foster parent. . .to make a written or oral statement during the hearing or to submit a written statement prior to the hearing, relating to the child and the requested change in placement.

notice to Sallie the circuit court ordered Nadia returned to her biological mother.

¶ 4.  Four days later, Sallie filed an objection to the ordered change of Nadia's placement and requested a hearing on the matter under Wis. Stat. § 48.64.[6] The circuit court granted Sallie a hearing, but limited the scope of the hearing to that provided for in Wis. Stat. § 48.357. After two appeals to determine the appropriate scope of Sallie's participation in the circuit court hearing, the circuit court finally held the Wis. Stat. § 48.64 hearing at issue before this court today.

¶ 5.  At that hearing, the circuit court heard evidence that Gloria had met the conditions placed on her conduct by the dispositional order and also received a recommendation from the assigned guardian ad litem

---

[6] While Sallie filed her objection after the circuit court's order was filed, the record reflects that DHSS mailed the mandatory notice to the foster parents of change of placement to the wrong address and the foster parents were unaware of the impending removal of Nadia from their home. Accordingly, the circuit court ruled Sallie's objection to be timely.

Wis. Stat. § 48.64 provides in pertinent part:

(1m)  FOSTER HOME, TREATMENT FOSTER HOME AND GROUP HOME AGREEMENTS. . . .If a child has been in a foster home, treatment foster home or group home for 6 months or more, the agency shall give the head of the home written notice of intent to remove the child, stating the reasons for the removal. The child shall not be removed before completion of the hearing under sub. (4)(a) or (c), if requested, or 30 days after receipt of the notice, whichever is later. . . .

(4)(c)  The circuit court for the county where the child is placed has jurisdiction upon petition of any interested party over a child who is placed in a foster home. . . . The circuit court may call a hearing. . .for the purpose of reviewing any decision or order. . .involving the placement and care of the child. If the child has been placed in a foster home, the foster parent may present relevant evidence at the hearing. The court shall determine the case so as to promote the best interests of the child.

that Nadia be returned to her biological mother. Pursuant to the court of appeals decision, the circuit court also afforded Sallie an opportunity to present "relevant evidence." However, over Sallie's objection the circuit court limited its definition of relevant evidence in this case to evidence centering on whether Gloria had complied with the conditions of return home in the dispositional order. The circuit court then determined that Gloria was in compliance with those conditions of the dispositional order and that it was in Nadia's best interests to be returned to her biological mother. Accordingly, the court denied Sallie's objection to the change of placement. Sallie appealed.

¶ 6. On March 5, 1997, five months after the circuit court's oral rejection of Sallie's objection to the change of placement, and three months after the court filed the written order, the CHIPS dispositional order governing Nadia's placement expired. At that time, Nadia ceased to be an adjudicated child in need of protection or services.

¶ 7. The court of appeals subsequently affirmed the circuit court's denial of Sallie's objection to the notice of change of placement. The court of appeals ruled that foster parents and biological parents are not on equal footing when considering a child's best interests under Wis. Stat. ch. 48, that the circuit court did not err in finding Nadia's change of placement to be in her best interests, since the court considered Gloria's compliance with the conditions, the guardian ad litem's recommendation, and the foster parent's evidence. The appellate court also determined that the conditions of the dispositional order had been met, and that the testimony offered by Sallie was either not relevant or that the witnesses were improperly subpoenaed. *See Sallie T.*, 212 Wis. 2d at 712–13.

## I.

¶ 8.    As an initial matter, we note that the most recent extension of the dispositional order governing Nadia's CHIPS status expired March 5, 1997, while the appeal of this matter was pending before the court of appeals. Despite the pending appeal on the change of placement, pursuant to Wis. Stat. § 808.075(4)(a)7 the circuit court could have extended the dispositional order beyond its expiration date. However, the record does not reflect a subsequent petition for extension or the filing of a resulting order. The State suggested to the court of appeals that no extension was requested because DHSS felt the child's return to her mother was warranted.

■■

¶ 9.    We have previously indicated that when a CHIPS dispositional order expires, the circuit court is no longer competent to consider issues arising in the context of the expired dispositional order. *See Green County Dep't of Human Services v. H.N.*, 162 Wis. 2d 635, 654, 469 N.W.2d 845 (1991) ("*In Interest of B.J.N.*"); *State v. Dawn M.*, 189 Wis. 2d 480, 485, 526 N.W.2d 275 (Ct. App. 1994) ("*In Interest of Leif E.N.*"); *see also C.A.K. v. State*, 147 Wis. 2d 713, 718, 433 N.W.2d 298 (Ct. App. 1988). Moreover, like issues of subject matter jurisdiction, a court's loss of competence to adjudicate a matter cannot be waived by the parties. *See Green County*, 162 Wis. 2d at 658. "A dispositional order has no validity once the time period has elapsed." *Id.*

¶ 10.    In this case the dispositional order governing Nadia's placement expired without extension.

The competence of the Milwaukee County circuit court expired on that same date; this case is moot.[7]

¶ 11.  Despite the mootness of this appeal, we are cognizant of the impact of a published court of appeals decision which affirms the circuit court's resolution of a frequently recurring situation involving an issue of significant public importance—whether compliance with the conditions of a CHIPS dispositional order creates a presumption that it is in the child's best interests to be returned to the biological parents. Despite our general refusal to consider moot cases, we will reach issues of "great public concern," *Town of Germantown v. Village of Germantown*, 70 Wis. 2d 704, 710, 235 N.W.2d 486 (1975), or cases where "the precise situation under consideration arises so frequently that a definitive decision is essential to guide the trial courts." *G.S., Jr. v. State*, 118 Wis. 2d 803, 805, 348 N.W.2d 181 (1984). This case presents both characteristics and we accordingly move to the merits of the legal question presented.[8]

---

[7] The court of appeals considered the substance of this case based on a belief that "all three individuals. . .still need a decision on the merits." *Sallie T.*, 212 Wis. 2d at 698 n.2. That statement is erroneous. The court of appeals mootness determination requires us to either concede that the case is not moot because the parties filed an appeal, a position which begs the mootness question, or to interpret Wis. Stat. ch. 48 to stay expiration of a dispositional order any time a decision affecting the running of that order is appealed, a position contrary to our precedent. *See In Interest of B.J.N.*, 162 Wis. 2d 635, 649–51, 469 N.W.2d 845 (1991).

[8] Sallie also contends the circuit court applied the wrong best interests test and improperly barred relevant evidence and that the evidence does not support the court's rejection of her

## II.

■

¶ 12. The issue presented for our consideration concerns the existence and effect of a legal presumption that a biological parent's compliance with conditions existing in a circuit court's CHIPS dispositional order automatically determines that a child's best interests are best served by returning the child to the biological family. Revision or extension of a CHIPS dispositional order based on the best interests of a child is a matter left to the discretion of the circuit court. *See R.E.H. v. State*, 101 Wis. 2d 647, 652–53, 305 N.W.2d 162 (Ct. App. 1981). We will not reverse a circuit court's discretionary decision unless the circuit court erroneously exercises that discretion. *See State v. Pankow*, 144 Wis. 2d 23, 47, 422 N.W.2d 913 (Ct. App. 1988).

■

¶ 13. However, a proper exercise of discretion requires the circuit court to apply the correct standard of law to the facts at hand. *See Hedtcke v. Sentry Ins. Co.*, 109 Wis. 2d 461, 471, 326 N.W.2d 727 (1982). Because determination of the proper legal standard to be applied in this case requires interpretation of Wis. Stat. ch. 48, we conduct that part of our review *de novo*. *See McEvoy v. Group Health Coop. of Eau Claire*, 213 Wis. 2d 507, 517, 570 N.W.2d 397 (1997). We turn then to the case at hand.

¶ 14. Sallie contends that the court erroneously applied a presumption that compliance by the biological mother with the return home conditions in the dispositional order demonstrates that the child's best interests is the return home. The guardian ad litem

objection to the change of placement. However, we decline to exercise our discretion to reach those issues.

agrees that no presumption exists, but argues that the circuit court reached its decision based on evidence beyond mere compliance with those conditions. Similarly, neither Gloria nor the State argues in favor of a presumption. Rather, they claim that the circuit court acted based on all the evidence and that the evidence was sufficient to support the court's determination of Nadia's best interests. Faced then with the parties' apparently uniform rejection of any form of a presumption based on the conditions in the dispositional order, we examine the record to determine what standard was actually applied by the circuit court.

### III.

¶ 15.   After a three-day "best interests" hearing, the circuit court rejected Sallie's objection to the notice of change of placement, indicating that:

> Based on all of the relevant evidence before me and all of the testimony before me, I am not granting the objection to the change of placement and, in fact, am allowing the change of placement to go forward as originally requested and put in place by the State.

This statement read in isolation supports the arguments of the guardian ad litem, Gloria, and the State that the circuit court did not apply a presumption to the determination of Nadia's best interests.

¶ 16.   However, the record also includes the following statements by the court:

> To keep that child out of the home, it has to show that the conditions set by the Court have not been met. If the conditions aren't met, they can extend that order for a reasonable period of time to give more time to the parent to meet the conditions, or

the Court can determine if certain specified statutory provisions seem to be present. . .but the presumption is always to preserve the unity of the family whenever appropriate, and the means we use to effectuate that is to determine whether the parent has met the conditions set out in the order. . . .So far, I say the evidence shows she's met them. You have to show me she has not. . . .

Now, if you have evidence to show me those conditions haven't been met, therefore harming the best interest of this child, and therefore, telling me this placement shouldn't be made with the mother, I should hear that.

If I find out that everything in this order really hasn't happened as has been testified to by this worker, then we have made a terrible mistake returning the child to the mother. But, if those are the facts; if she went to parenting class; if she went to drug treatment; if she has cooperated with the Department; if she has done her visits; if she has done all she can to meet the conditions, we have no right to keep the child from her. . . .

We have to state the conditions for the parent to meet. If they meet them, we return the children to them. . . .If they fail to continue to perform, the child could be removed again. But, there are minimal conditions we set. When those conditions are met, the courts order return.

¶ 17.  Upon review, we are forced to conclude that these excerpts demonstrate that the circuit court considered compliance with the conditions of the court's CHIPS dispositional order to be the decisive factor in the court's "best interests' " analysis. Even though the court admittedly allowed the guardian ad litem to offer her recommendation in this matter, and even though the court also indicated that he was making his deci-

sion based on all of the relevant evidence before the court, the record demonstrates that the court felt obligated to return the child if the biological parent complied with the conditions imposed in the CHIPS dispositional order. Our interpretation of the circuit court's comments is buttressed by the court's limitation of Sallie's proffer of evidence to matters only addressing Gloria's compliance with the dispositional order.

## IV.

¶ 18. Having established that the circuit court applied a presumption that compliance with the conditions mandates return to the biological parent, we are left to consider the validity of such a presumption under Wisconsin law—a presumption apparently rejected by all of the parties to this action. This question is previously unaddressed by case law. It requires us to examine the statutory chapters focusing on presumptions, Wis. Stat. chs. 891 and 903, and to review the legislature's specific directions to the circuit court under the terms of Wis. Stat. ch. 48.

¶ 19. The most obvious places in which the legislature might have located such a presumption are Wis. Stat. chs. 891 and 903, both of which are confined to setting forth statutory presumptions and their rules of application. Chapter 891 includes 42 different types of presumptions ranging from the validity of documents to establishment of paternity. Chapter 903 provides a number of rules of application for presumptions in civil and criminal proceedings. Neither chapter, however, creates a statutory presumption applicable to determinations under Wis. Stat. ch. 48 that compliance with the conditions of a CHIPS dispositional order is dispositive of a child's best interests. Accordingly, we next consider the terms of Wis. Stat. ch. 48.

¶ 20. The statutory context of the current proceeding at the circuit court level was a hearing granted as a matter of statutory right to foster parents upon the removal of a child from a foster home. The governing statutory section, Wis. Stat. § 48.64(4)(c), allows the foster parents to present "relevant evidence" and requires the circuit court to determine "the best interests of the child." The section does not provide the court with further guidance on the manner in which the best interests are to be determined.

¶ 21. However, because the hearing arose as part of the foster parent's objection to DHSS's notice of change of placement under an existing dispositional order, the circuit court's determination is also governed by Wis. Stat. § 48.355, which sets forth the requirements for a dispositional order. Wisconsin Stat. § 48.355(2)(b)5 requires the court to include a permanency plan (involving conditions like the ones at issue here) in any dispositional order applied to a child adjudged in need of protection or services. In executing that order, the circuit court is required to "employ those means necessary to maintain and protect the child's well-being which are the least restrictive of the rights of the parent or child and which assure the care, treatment or rehabilitation of the child and the family. . . ." Once again, no reference is made in the statutory language to a presumption arising from compliance with the conditions.

¶ 22. Admittedly, the conditions ordered are those "upon which the child will be returned to his or her home, including any changes required in the parents' conduct, the child's conduct or the nature of the home." Wis. Stat. § 48.38(4)(g). Biological parents retain a constitutional right to raise their children. *See*

*Barstad v. Frazier*, 118 Wis. 2d 549, 562, 348 N.W.2d 479 (1984). Even where the child is removed from the biological home and conditions are placed on the return of the child, "[t]he fundamental liberty interest of natural parents in the care, custody, and management of their child does not evaporate simply because they have not been model parents or have lost temporary custody of their children to the State." *Id.* (quoting *Santosky v. Kramer*, 455 U.S. 745, 753 (1982). However, we find it significant that the conditions imposed in the dispositional order reflect the court's assessment of changes that need to be made at the time of the order. As such, those conditions reflect only an initial view of what changes are necessary for the court to consider returning the child to the biological home.

¶ 23. Because additional issues not covered by the conditions of the dispositional order may have arisen in the home environment between the time of the order and the request for change of placement, blind reliance upon those conditions is insufficient to truly act in the best interests of the child. This point is well reflected by the statutory provisions indicating that the circuit court has the discretion to modify the conditions of the placement upon any request to change placement or extend or revise the dispositional order. *See* Wis. Stat. § 48.355(2e)(a)–(b).

¶ 24. Moreover, implying a presumption from the conditions of the dispositional order would be inconsistent with the established purposes of Wis. Stat. ch. 48. The legislature indicated its intent in Wis. Stat. § 48.01(1) when it declared that "the best interests of the child shall always be of paramount consideration. . . ." To allow a court to ignore currently existing conditions in a child's potential home environment based on conditions imposed up to a year earlier would

not be an effective method of promoting the best interests of the child. While the legislature also expressed an intent to preserve the unity of the family "by strengthening family life through assisting parents," a goal fulfilled in part by the conditions imposed by the circuit court, return of the child is expressly subject to a determination that it is in the child's best interests. *See* Wis. Stat. § 48.01(1)(a).

¶ 25. We acknowledge that in most cases in which a biological parent has successfully met the conditions of return the child can and should be returned to the parent. Affected parents continue to maintain a constitutional right in the care and custody of their child unless the parental rights are terminated and that right cannot needlessly be impugned once the parent has complied with the demands made and strictures imposed by the reviewing court. However, the circuit court can also not close its eyes to detrimental conditions affecting the welfare of the child which have arisen since the imposition of the controlling dispositional order and the conditions of return therein.

■■

¶ 26. Thus, we determine that the best interests of the child standard is to be defined in relation to the child and not to be used as a euphemism for the biological parent's compliance with the return home conditions of a dispositional order. Compliance with the conditions of a CHIPS dispositional order does not create a presumption that it is in the child's best interests to be returned to the biological parents. Because the record indicates that the circuit court applied such a presumption, we conclude that the circuit court erred. However, because the circuit court in this matter has lost its competence to adjudicate matters concerning Nadia, we cannot remand for further proceedings

consistent with this opinion. Accordingly, the decision of the court of appeals is affirmed.

*By the Court.*—The decision of the court of appeals is affirmed.