IN the INTEREST OF SARAH R.P., a person under the age of 18:

STATE of Wisconsin, Petitioner-Respondent,

v.

SARAH R.P., Respondent-Appellant.

Court of Appeals

*No. 00–2127–FT. Submitted on briefs December 4, 2000.—Decided January 30, 2001.*

2001 WI App 49

(Also reported in 624 N.W.2d 872.)

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Brian C. Findley,* deputy first assistant state public defender, of Madison.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Ruth A. Bachman,* assistant district attorney, of Barron.

Before Cane, C.J., Hoover, P.J., and Peterson, J.[1]

---

[1] This is an expedited appeal under WIS. STAT. RULE 809.17. This appeal is being decided by a three-judge panel pursuant to the chief judge's January 23, 2001, order. All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

¶ 1. HOOVER, P.J. Sarah R.P. appeals a dispositional order adjudicating her delinquent. She contends that the juvenile court erred when it vacated a consent decree after the decree's expiration date. This court holds that the court's authority to adjudicate Sarah delinquent was revoked when the consent decree expired. The dispositional order is therefore reversed and the case is remanded to the juvenile court with directions to enter an order dismissing the original petition with prejudice.

## BACKGROUND

¶ 2. A delinquency petition was filed charging Sarah with shoplifting, contrary to WIS. STAT. §§ 938.12 and 943.50(1m)(b). The public defender's office appointed an attorney to represent Sarah in the delinquency action. On June 8, 1999, the State and Sarah entered into a consent decree[2] that was to expire on December 8, 1999. The consent decree included a curfew and a condition that Sarah not engage in further law violations. On December 1, 1999, the State filed a petition to vacate the consent decree, alleging that Sarah violated the curfew and stole two pens from school. Sarah did not file an objection to the petition. On December 21, thirteen days after the consent decree was to have expired, the trial court held a hearing on the State's vacation petition. Notice of the hearing had been sent to Sarah and the public defender's office. Neither Sarah nor her attorney appeared at the hearing.[3]

---

[2] See WIS. STAT. § 938.32.

[3] The parties agree that while a public defender was present at the hearing, he advised the court that he did not represent Sarah.

¶ 3. The juvenile court vacated the consent decree. It noted that the court may extend juvenile proceedings for cause, for example, when a matter cannot be heard prior to the expiration of an order, although it acknowledged that the State had not obtained an extension order in this instance. The court also relied upon its finding that

> notice requirements have been met and that the petition to vacate and the notice all went out prior to the expiration of the order. I'm also willing to find that there's no appearance and no objection, which in my view permits you to re-initiate the proceedings at the point they left off.[4]

Although the juvenile court vacated the consent decree, it nevertheless held the matter open for reconsideration.

¶ 4. Later that day, the public defender who had been present at the hearing sent a memorandum to the juvenile court alerting it to *In re Leif E.N.*, 189 Wis. 2d 480, 526 N.W.2d 275 (Ct. App. 1994), which interpreted WIS. STAT. § 48.32(3), the statute that had previously provided the procedure when the State sought to vacate a consent decree. *Leif E.N.* held that under the plain language of § 48.32(3), in order to vacate a consent decree, the juvenile court's finding that the consent decree was violated must precede the decree's expiration. On January 11, 2000, at what was intended to be the disposition hearing, the court heard argu-

---

[4] There is no indication in the record that Sarah's attorney received notice. While Sarah does not raise this issue, she does contend that notice was not properly served. Because this court reverses on the merits, it need not address this argument. *See Sweet v. Berge*, 113 Wis. 2d 61, 67, 334 N.W.2d 559 (Ct. App. 1983).

ments from counsel primarily on whether *Leif E.N.* retained vitality in light of the juvenile code's restructuring.[5] At the conclusion of the hearing, the juvenile court adjudicated Sarah delinquent on her earlier admission. The court ordered that the matter be set again for a dispositional hearing. In the interim, because Sarah's counsel indicated that he had not anticipated the State's argument that *Leif E.N.* notwithstanding, code changes permitted the court to vacate the consent decree post-expiration, the court permitted Sarah's attorney to file an additional memorandum prior to disposition.

¶ 5. Thereafter, Sarah's attorney renewed the motion to dismiss the petition, and at the dispositional hearing the juvenile court again entertained argument. The court concluded that it was authorized to vacate the consent decree after its expiration date under the broad language of WIS. STAT. § 938.315(3)[6] and because of the difficulty in scheduling the matter so as to be heard before the expiration date.[7] It ulti-

---

[5] *See generally* 1995 Wis. Act 77.

[6] WISCONSIN STAT. § 938.315(3) provides in part: "Failure to comply with any time limit specified in this chapter does not deprive the court of personal or subject matter jurisdiction or of competency to exercise that jurisdiction."

The transcripts demonstrate that the juvenile court was familiar with the effects WIS. STAT. ch. 938's adoption had on the time strictures with which the court and the juvenile system were confronted under the previous juvenile code. Thus, while the trial court did not make specific reference, it may also have been considering WIS. STAT. § 938.315(1)(dm), which excludes any period of delay resulting from court congestion or scheduling in computing ch. 938 time requirements.

[7] At the January 11 hearing, the trial court alluded to the short time available between filing the vacation motion and the decree's expiration date. It further opined that had a request for

mately entered the dispositional order that Sarah now appeals.

## STANDARD OF REVIEW

¶ 6. The issues presented by this case involve applying the law to undisputed facts and statutory interpretation, both questions of law. The standard of review is therefore de novo. *In re D.S.P.*, 166 Wis. 2d 464, 471, 480 N.W.2d 234 (1992); *Ball v. District No. 4, Area Bd.*, 117 Wis. 2d 529, 537, 345 N.W.2d 389 (1984).

## ANALYSIS

A. WISCONSIN STAT. § 938.315

¶ 7. Under WIS. STAT. § 938.32, juvenile courts may place an alleged delinquent on supervision, subject to conditions. The order for supervision is called a consent decree:

> (1)(a) At any time after the filing of a petition for a proceeding relating to s. 938.12 or 938.13 and before the entry of judgment, the judge or juvenile court commissioner may suspend the proceedings and place the juvenile under supervision in the juvenile's own home or present placement .... The court may establish terms and conditions applicable to the parent, guardian or legal custodian, and to the

extension been made, it would have been granted because of the court's congested calendar.

Moreover, at the dispositional hearing the trial court found that the juvenile court clerk scheduled the hearing on the State's vacation motion "as quickly as she reasonably [could], given the time constraints ...."

juvenile . . . . The order under this section shall be known as a consent decree . . . .

¶ 8. WISCONSIN STAT. § 938.32(2)(a) provides that "[a] consent decree shall remain in effect for up to one year unless the juvenile, parent, guardian or legal custodian is discharged sooner by the judge or juvenile court commissioner."

¶ 9. WISCONSIN STAT. § 938.32(3) dictates the procedure when the State seeks to vacate a consent decree on the basis of an alleged violation:

> *If, prior* to discharge by the court, or *the expiration of the consent decree*, the court finds that the juvenile or parent, legal guardian or legal custodian has failed to fulfill the express terms and conditions of the consent decree or that the juvenile objects to the continuation of the consent decree, the hearing under which the juvenile was placed on supervision may be continued to conclusion as if the consent decree had never been entered. (Emphasis added.)

If the period of supervision is completed, WIS. STAT. § 938.32(4) states in part:

> No juvenile who is discharged by the court or who completes the period of supervision without reinstatement of the original petition may again be proceeded against in any court for the same offense alleged in the petition or an offense based on the same conduct, and the original petition shall be dismissed with prejudice.

In *Leif E.N.*, this court interpreted WIS. STAT. § 48.32(3), the statute that previously provided the procedure when the State sought to vacate a consent

decree.[8] *Leif E.N.* held that "[t]he statute regulating consent decrees is plain and straightforward; it dictates that before the consent decree expires, the juvenile court must find that the terms of the consent decree have been violated." *Id.* at 482. The court expressly concluded that when the consent decree expires, the juvenile petition is automatically dismissed and the authority of the juvenile court is revoked. *Id.* at 486. Specifically, *Leif E.N.* noted that "if the parties enter into a consent decree, the proceedings are suspended, § 48.32(1),[9] and when the consent decree expires, the original petition is to be dismissed with prejudice and no further action can be taken based on the specific conduct alleged in the original petition. Section 48.32(4)."[10] *Id.* at 485. The court further observed that a juvenile court's competency is conferred by statute, and thus:

> Because it is the filing of the petition that confers competency upon the juvenile court, the dismissal of the petition revokes the competency of that court. When a consent decree expires, the original delinquency or CHIPS petition is dismissed with

[8] The language in WIS. STAT. § 48.32(3) (1991–92) is the same as in WIS. STAT. § 938.32(3):

> If, prior to discharge by the court, or the expiration of the consent decree, the court finds that the child or parent, legal guardian or legal custodian has failed to fulfill the express terms and conditions of the consent decree or that the child objects to the continuation of the consent decree, the hearing under which the child was placed on supervision may be continued to conclusion as if the consent decree had never been entered.

[9] WISCONSIN STAT. § 48.32(1) (1991–92) is materially identical to WIS. STAT. § 938.32(1).

[10] WISCONSIN STAT. § 48.32(4) (1991–92) is identical to WIS. STAT. § 938.32(4).

prejudice, § 48.32(4), STATS., and the competency of the juvenile court is revoked; therefore, it is without any power or authority to consider a motion to vacate the consent decree.

*Id.* at 485–86. This court therefore reversed Leif E.N.'s adjudication because the juvenile court erred when it concluded that it retained jurisdiction after the consent decree expired.

¶ 10. The State correctly observes, however, that *Leif E.N.* predates the adoption of WIS. STAT. ch. 938. As noted above, however, WIS. STAT. § 938.32(3) is identical to the statute *Leif E.N.* construed. That court's construction of the language here in question is binding on this court. *See* WIS. STAT.§ 752.41(2). Thus, under *Leif E.N.*, if the trial court did not find a consent decree violation before the decree expired, it lost jurisdiction to do so.

¶ 11. The State nevertheless points to a statutory change after the *Leif E.N.* decision and argues that the amendment now provides that the time for finding a consent decree violation can be tolled. The *Leif E.N.* court held that a motion to vacate did not toll the running of the consent decree's term under WIS. STAT. § 48.315 (1991–92). *See id.* at 486. It noted that there was no provision in WIS. STAT. ch. 48 excluding from time computations any period after a motion to vacate a consent decree was filed. *Id.* The State argues, however, that WIS. STAT. § 48.315 (1991–92) differs from § 938.315 because the latter contains a provision that the former did not. Under § 938.315(3), "[f]ailure to comply with any *time limit* specified in this chapter does not deprive the court of personal or subject matter jurisdiction or of competency to exercise that jurisdic-

tion."[11] (Emphasis added.) The State argues that the date for finding the violation required to vacate a consent decree is a "time limit," subject to extension or tolling under § 938.315. This court disagrees.

¶ 12. WISCONSIN STAT. § 938.315(3) unambiguously applies to failures to comply with "time limits" specified in ch. 938.[12] Chapter 938 specifically designates "time limits" as such. One example of the many time limits ch. 938 imposes is the requirement that an intake worker must request that a petition be filed within forty days of receipt of referral information. The code specifically denominates this requirement as a "time limit." *See* WIS. STAT. § 938.24(5).[13] Conversely, the code does not similarly

---

[11] WISCONSIN STAT. § 938.315(3) provides:

Failure to comply with any time limit specified in this chapter does not deprive the court of personal or subject matter jurisdiction or of competency to exercise that jurisdiction. Failure to object to a period of delay or a continuance waives the time limit that is the subject of the period of delay or continuance. If a party does not comply with a time limit specified in this chapter, the court may grant a continuance under sub. (2), dismiss the petition with or without prejudice, release the juvenile from secure or nonsecure custody or from the terms of a custody order or grant any other relief that the court considers appropriate.

[12] Moreover, to the extent the State may be additionally implying that the consent decree's expiration date is a time limit subject to extension or tolling under WIS. STAT. § 938.315, this court concludes that the decree's termination date is not "a time limit *specified in* ch. 938." WIS. STAT. § 938.315(3) (emphasis added). Rather, the decree itself supplies its term or "period of supervision."

[13] WISCONSIN STAT. § 938.24(5) provides in part:

The intake worker shall request that a petition be filed, enter into a deferred prosecution agreement or close the case within 40 days or

describe the violation finding. This court therefore concludes that the timing of the juvenile court's violation finding is not a "time limit" within the meaning of § 938.315(3). Moreover, this court agrees with Sarah that a consent decree provides for a "period of supervision"[14] that terminates when the period concludes. *See Leif E.N.*, 189 Wis. 2d at 482.

B. WISCONSIN STAT. § 938.315(1)(dm)

¶ 13. The State advances a separate argument under WIS. STAT. § 938.315(1)(dm), which provides:

> The following periods shall be excluded in computing time requirements within this chapter:
>
> . . . .
> (dm) Any period of delay resulting from court congestion or scheduling.

The State refers to the trial court's finding that the hearing on the State's motion was set as early as possible under the circumstances. From this finding the State contends that

---

sooner of receipt of referral information. . . . Notwithstanding the requirements of this section, the district attorney may initiate a delinquency petition under s. 938.25 within 20 days after notice that the case has been closed or that a deferred prosecution agreement has been entered into. The judge shall grant appropriate relief as provided in s. 938.315(3) with respect to any such petition which is not referred or filed within the *time limits* specified within this subsection. Failure to object if a petition is not referred or filed within a *time limit* specified in this subsection waives that time limit. (Emphasis added.)

[14] *See* WIS. STAT. § 938.32(4): "No juvenile who is discharged by the court or who completes the period of supervision . . . ."
 The length of a consent decree has also been referred to as its "term." *See In re Leif E.N.*, 189 Wis. 2d 480, 482 n.1, 526 N.W.2d 275 (Ct. App. 1994).

under sec. 938.315(1)(dm) the period of delay in holding the hearing between the time the petition to vacate was filed (December 1, 1999), and the time the hearing was held (December 21, 1999), is not counted in determining if the time requirement of sec. 938.32(3) was met. The expiration of the consent decree was therefore effectively tolled.

¶ 14. It is plausible to suggest that the timing of the juvenile court's finding vis-à-vis the consent decree's expiration date is a "time requirement." However, given the connotation of the root term "expire"[15] and WIS. STAT. § 938.32(3)'s scheme, this court rejects the State's interpretation of WIS. STAT. § 938.315(1)(dm). Rather than provide for a time requirement, § 938.32(3) unambiguously mandates a time sequence. Tautologies are seldom useful but in this instance it is axiomatic that once a decree expires, it is expired. At a minimum, in order to prevent expiration, something must occur prior thereto. That something, under what *Leif E.N.* declared was the clear requirement of § 938.32(3)'s twin predecessor, is the juvenile court's finding of a consent decree viola-

_____

[15] WEBSTER'S THIRD NEW INT'L DICTIONARY 801 (unabr. 1993) defines "expire" as to become void through the passage of time, or more colorfully but equally apropos, to breathe one's last breath. For purposes of statutory interpretation or construction, dictionary definitions may be consulted to establish the common and approved usage of words. *See* WIS. STAT. § 990.010(1); *see also Swatek v. County of Dane*, 192 Wis. 2d 47, 61, 531 N.W.2d 45 (1995). This is not to say that courts may resort to a dictionary only when construing ambiguous statutes. *See State ex rel. Smith v. City of Oak Creek*, 139 Wis. 2d 788, 798 n.6, 407 N.W.2d 901 (1987) (concluding that the necessity of looking to a standard dictionary to ascertain the usual meaning of words does not render a word used in a statute ambiguous).

tion. However, after the decree has expired, it cannot be resurrected.[16]

## C. Waiter

██

¶ 15. WISCONSIN STAT. § 938.315(3) states that "[f]ailure to object to a period of delay or a continuance waives the time limit that is the subject of the period of delay or continuance." The State argues that Sarah waived the time requirement for vacating the consent decree by failing to object at or before the court's ruling at the December 21 hearing. This court rejects the State's waiver argument. First, as discussed above, the requirement that a violation finding precede the decree's expiration is not a "time limit" as that phrase is used in § 938.315(3). Moreover, regardless of the merits of the State's position, and Sarah's failure to object notwithstanding, the juvenile court held the issue open, sua sponte, so as to rule on a matter implicating its authority to act in as an informed manner as possible.

---

[16] It can be argued that this holding effectively shortens the term of the consent decree so that a juvenile could violate its conditions with impunity as the decree approaches expiration. This argument was addressed by the *Leif E.N.* court, which held that

> [t]he succinct answer to this argument is that as a result of our holding in this case the term of the consent decree remains six months; the child parent, guardian or legal custodian remain under supervision and receive social services for the full six months. The practical effect of our ruling is to require immediate and close supervision of the parties to the consent decree, a consequence that benefits all involved.

*Id.* at 487.

¶ 16. The juvenile court erred when it vacated the consent decree after December 8, 1999, adjudicated Sarah delinquent and entered a dispositional order. Because the court's authority to adjudicate was revoked when the consent decree expired, this court reverses the dispositional order and remands to the juvenile court with directions to enter an order dismissing the original petition with prejudice.

*By the Court.*—Order reversed and cause remanded with directions.