2001 SD 15

**The PEOPLE of the State of South Dakota, In the Interest of T.G. and concerning S.G. and M.G.**

**No. 21531.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 8, 2001.

Decided Jan. 31, 2001.

Marcia Whiting of Whiting Law Office, Rapid City, SD, Attorneys for appellee S.G.

Rena Atchison of Langley Atchison Law Office, Rapid City, SD, Attorneys for appellant M.G.

PER CURIAM.

[¶ 1.] M.G., father, brings an intermediate appeal of a trial court order and amended order retaining jurisdiction over this abuse and neglect case and awarding physical custody of father's four-year-old daughter to the child's mother, S.G. We reverse.

FACTS

[¶ 2.] Father and mother are from Rapid City. In 1999, they were involved in a divorce proceeding. On August 27, the Pennington County Sheriff's Office took custody of their then three-year-old daughter after the child made complaints of improper touching in her vaginal area against father and, later, made similar allegations against mother. A temporary custody hearing was held on August 30 and the trial court subsequently granted the State

Department of Social Services (DSS) legal and physical custody of the child for thirty days with leave to place the child in foster care.

[¶ 3.] An advisory hearing was held on September 29, 1999, after which the trial court entered an order continuing legal and physical custody of the child with DSS. That same date, the State filed an abuse and neglect petition against both mother and father alleging the child had been subjected to sexual abuse, molestation, or exploitation by both parents. The adjudicatory hearing was originally set for November 16 and then rescheduled for January 27, 2000. However, the State initiated what was later called a status hearing on January 18. At that hearing, the following exchange took place between the Deputy State's Attorney and the trial court:

PROSECUTOR: Your Honor, I had called this hearing today to inform the Court that the State would be dismissing the abuse and neglect petition, and the Department of Social Services and myself and Ms. Cline have done a lot of talking on this case, and [T.G.] has now been out of the home for about five months, and in that period of time, there are some definite issues that need to be dealt with with their family, and based on the work with the family for the past five months, the Department of Social Services is recommending that the court maintain jurisdiction over this case for an additional 90 days, and in terms of reunification with which parent, it would be the State's recommendation that that placement be with the respondent mother, and I base that primarily on my contact with Ms. Pfeiffer.

THE COURT: Ms. Pfeiffer talks about it being an interim?

PROSECUTOR: Yes, that's how I would see it.

THE COURT: I think what the Court is going to do, it's going to exercise it's authority. It's going to appoint Ms. Kay Lindgren of Rapid City to do an evalua-

tion and recommend to the Court where the final—where the child should be placed final. This is a sick dysfunctional family. This child has a lot of problems, and I'm just not going to place the child without knowing and my being satisfied that that's the best thing. So I'll accept the recommendation that it be placed with the mother. I will keep the jurisdiction of this Court in this case, oh, for 90 days. I also then will schedule a custody hearing at which time I'll decide whether I'm going to keep it with the mother or the father or take the child out of the house permanently, and I will be—I'll use the services of Ms. Kay Lindgren. And I will ask you to sign an order to that effect and give her the necessary papers. She is a—woman with vast experience in this field, and I'm quite satisfied with—that she will do a thorough job for the Court[.]

[¶ 4.] After the January 18 hearing, the trial court entered an order granting temporary legal and physical custody of the child to mother and granting father supervised visitations. The court also retained jurisdiction of the matter for an additional ninety days and ordered evaluations for recommendations concerning permanent placement of the child. The court further ordered that a custody hearing be held after receipt of these evaluations and recommendations. On January 19, the State submitted a formal motion for dismissal of the abuse and neglect petition and a formal order of dismissal was signed by the trial court and attested and filed on January 20.

[¶ 5.] A status hearing was held on February 22 after which the trial court entered an order continuing legal and physical custody of the child with mother and also continuing father's supervised visitations with the child. An evidentiary hearing was then noticed for April 11. A hearing was held on that date largely in the nature of a dispositional hearing wherein recommendations were made for the "long term placement" of the child. After the

April 11 hearing, the trial court entered orders and amended orders granting legal custody of the child to DSS and physical custody to mother. The trial court further ordered that it would continue to maintain jurisdiction of the matter and imposed a variety of conditions and obligations on both parents such as attendance at domestic violence courses, AA, Al–Anon, etc. On May 30, father filed a motion for permission to take an intermediate appeal of the trial court's post-April 11 orders which this Court granted on June 9. On June 16, the trial court entered an order "that the minor child [be] placed with Respondent Mother based upon the testimony and advice of expert witnesses and in the best interests of the minor child."

## ISSUE

[¶ 6.] **Did the trial court err in retaining jurisdiction over this case after its dismissal of the abuse and neglect petition?**

[¶ 7.] Father contends the trial court erred in its exercise of jurisdiction over this case after its dismissal of the abuse and neglect petition on January 20, 2000. We agree. Generally, the dismissal of a petition in juvenile court terminates the jurisdiction of the court. *See R.A.C., Jr. v. State,* 736 So.2d 718 (Fla.Dist.Ct.App.1999)(trial court had no jurisdiction over these delinquency cases because it entered an order dismissing the three petitions); *Matter of Brandon C.,* 237 A.D.2d 821, 658 N.Y.S.2d 461 (N.Y.App.Div.1997)(after dismissal of petition, family court lacks jurisdiction to impose conditions on return of child); *In Interest of Leif E.N.,* 189 Wis.2d 480, 526 N.W.2d 275 (Wis.Ct.App.1994)(filing of petition confers competency upon juvenile court and dismissal of petition revokes competency of that court). South Dakota law reflects this view in SDCL 26–7A–86, which provides in pertinent part:

> If the court finds the allegations of the petition or amended petition are not

supported by clear and convincing evidence in cases concerning an alleged abused or neglected child ... the court shall enter a final order accordingly *and the action shall be terminated.* In the case of an alleged, abused or neglected child, the court shall enter findings and conclusions in addition to the final order. On termination of the action, the child, the child's parents, guardian or custodian and other parties respondent shall be released from any restriction or temporary order previously issued by the court *and from the jurisdiction of the court.* (emphasis added).

[¶ 8.] While in this case there was no trial court finding of insufficient evidence, the State essentially conceded that point at the January 18 "status hearing" when, rather than proceeding with an adjudicatory hearing, it sought a dismissal of the petition that was granted by the trial court. At that juncture, there was no reason the trial court should not have terminated its jurisdiction over this case pursuant to the requirements of SDCL 26–7A–86.* Instead, it continued proceedings up to and through a final custodial disposition of the child, a disposition entered without there ever having been any adjudication of abuse or neglect in this case. We condemned just such a procedure as a violation of due process in *Matter of C.V.,* 1998 SD 47, 579 N.W.2d 17.

[¶ 9.] Based upon the foregoing, all trial court orders entered subsequent to its dismissal of the abuse and neglect petition in this case are reversed.

[¶ 10.] MILLER, Chief Justice, and SABERS, AMUNDSON, KONENKAMP, and GILBERTSON, Justices, participating.

---

* We note that, by the time of the dismissal, Circuit Judge Tice was presiding over father and mother's divorce proceedings and was ready to assume jurisdiction of any custody dispute involving the child.