William L. SIEMERING, Plaintiff-Appellant,

v.

Helen Louise SIEMERING, Defendant-Respondent.

Court of Appeals

No. 79–678. *Submitted on briefs November 12, 1979.—Decided January 23, 1980.*
(Also reported in 288 N.W.2d 881.)

For the plaintiff-appellant the cause was submitted on the brief of *R. M. Gonyo* of Berlin.

For the defendant-respondent the cause was submitted on the brief of *John W. Hart* and *Hart & Hart* of Waupaca.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

GARTZKE, P.J. Appellant, William L. Siemering, has appealed from the order of the circuit court, family court branch, which dismissed his action.

The issue is whether a circuit court may at any time exercise its jurisdiction over an action for a divorce which was brought before the residency requirement in sec. 247.05 (1m), Stats. 1977, is met.

It is undisputed that May 4, 1978 is the earliest date appellant became a resident of Wisconsin. June 6, 1978 appellant filed a summons and petition for divorce from respondent even though he had not resided in this state for not less than six months next preceding commencement of the action as required by sec. 247.05 (1m), Stats. 1977. Appellant nevertheless alleged that he had resided in Waupaca County for more than thirty days and in the State of Wisconsin for more than six months next preceding commencement of the action and that respondent resided in Illinois.

July 24, 1978 appellant filed an amended petition in which he sought a separation for the asserted reason that he had not been a resident of the state long enough to file for a divorce. February 8, 1979 appellant filed a second amended petition in which he sought a divorce. Appellant's wife responded to the second amended petition, alleging that appellant had not resided in the state for a period of six months next preceding the action and that the court lacked jurisdiction over appellant and respondent. March 14, 1979 appellant filed a third amended petition in which he sought a legal separation. Each petition was duly served on respondent. April 25, 1979 the circuit court dismissed the action.

Jurisdiction of divorce actions is purely statutory. *Zlindra v. Zlindra*, 252 Wis. 606, 611, 32 N.W.2d 656 (1948). The authority of the courts as to divorce is confined to those express and incidental powers which are conferred by statute. *Dovi v. Dovi*, 245 Wis. 50, 53, 13 N.W.2d 585 (1944).

The circuit courts have jurisdiction of all actions affecting marriage. Sec. 247.01, Stats. 1977. Actions for divorce and separation are actions affecting marriage. Sec. 247.02(1) (c) and (d), Stats. 1977. A court having jurisdiction to hear actions affecting marriage may exercise jurisdiction as provided under ch. 801, Stats. Sec. 247.05(1), Stats. 1977. A civil action in which a personal or only an in rem or quasi in rem judgment is sought is commenced when a summons and complaint are filed with the court, provided service is timely effected upon the defendant. Sec. 801.02(1) and (2).

No action for a divorce "may be brought," however, unless at least one of the parties has been a bona fide resident of the county in which the action is brought for not less than thirty days next preceding the commencement of the action and unless at least one of the parties

has been a bona fide resident of the state for not less than six months next preceding the commencement of the action. Sec. 247.05 (1m), Stats. 1977.

If an action may not be brought except upon the happening of an event, then the occurrence of that event is a condition precedent to commencement of the action. *Armes v. Kenosha County,* 81 Wis.2d 309, 313, 260 N.W. 2d 515 (1977) ; *Maynard v. De Vries,* 224 Wis. 224, 227–28, 272 N.W. 27 (1937). The principle underlines the statement in *Span v. Span,* 52 Wis.2d 786, 789, 191 N.W. 2d 209, 211 (1971), that "service of a summons in a manner prescribed by statute is a condition precedent to a valid exercise of personal jurisdiction." *Span* cites *Heaston v. Austin,* 47 Wis.2d 67, 73, 176 N.W.2d 309, 312 (1970), which construed sec. 262.06(1) (b), Stats. 1969, as requiring reasonable diligence to be exercised in attempting to personally serve a defendant "as a condition precedent to substituted service."

The facts of this case are the opposite of those in *Hooker v. Hooker,* 8 Wis.2d 331, 99 N.W.2d 113 (1959). The plaintiff in *Hooker* commenced an action for a divorce from bed and board (the equivalent of legal separation) after the residency requirement for that action had been met. The plaintiff amended the complaint to seek an absolute divorce. The supreme court held that judgment for absolute divorce could be entered after one party fulfilled the longer residency requirement for an absolute divorce, by the time of entry of judgment, even though neither party had met that requirement when the action was commenced for a divorce from bed and board. The court reached that result because the action for a divorce from bed and board had been properly commenced and jurisdiction could be acquired.

We conclude that fulfillment of the residency requirement of sec. 247.05 (1m), Stats. 1977, before an action

for divorce is brought is a condition precedent to commencing the action. That condition not having been met, the action was never commenced. The petition could not be amended after the condition was met. A pleading in an action never commenced cannot be amended.

*By the Court.*—Order affirmed.