Jeanette OCASIO, Plaintiff-Appellant,†

v.

FROEDTERT MEMORIAL LUTHERAN HOSPITAL,
Defendant-Respondent,

Michael KEFER, M.D., Defendant,

ABC INSURANCE, DEF Insurance, GHI Insurance,
JKL Insurance, and Wisconsin Patients Compensation Fund, Defendants-Respondents,

MEDICAL COLLEGE OF WISCONSIN and Gary L. Swart,
M.D., Defendants.

Court of Appeals

*No. 00–3056. Submitted on briefs September 4, 2001.—Decided October 16, 2001.*

2001 WI App 264

(Also reported in 637 N.W.2d 459.)

† Petition to review granted 01-29-02.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Thomas A. Ogorchok* of *Miller & Ogorchock, S.C.*, of Milwaukee.

On behalf of the defendants-respondents Froedtert Memorial Lutheran Hospital and Wisconsin Patients Compensation Fund (as its interests relate to Froedtert Memorial Lutheran Hospital), the cause was submitted on the brief of *Wayne Van Ert* and *Jennifer A. Slater Carlson* of *Otjen, Van Ert, Lieb & Weir, S.C.*, of Milwaukee.

Before Wedemeyer, P.J., Fine and Curley, JJ.

¶ 1. CURLEY, J. Jeanette Ocasio appeals from the circuit court's judgment dismissing her medical malpractice action. Ocasio argues that the trial court erred in its ruling dismissing her action because: (1) the requirement in WIS. STAT. § 655.44(5) (1999–2000)[1] that the mediation period expire before filing a medical malpractice action is merely directory; (2) that any problem with her premature filing was rectified because her amended pleadings supplanted her original pleadings; and, in any event, (3) the defendants waived any jurisdictional objections. We conclude that when a claimant has filed for mediation pursuant to WIS. STAT. § 655.44, the expiration of the mediation period is a condition precedent to the commencement of a medical malpractice action. We also determine that Ocasio's

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

filing of an amended complaint after expiration of the mediation period did not rectify the problem because an action never properly commenced cannot be amended. Finally, because there can be no waiver of a court's lack of competency to proceed, there was no waiver.[2] We affirm the trial court's decision.

---

[2] The terms "competence" and "jurisdiction" have been used inconsistently by courts and commentators across the country. *See Shopper Advertiser, Inc. v. Dep't of Revenue*, 117 Wis. 2d 223, 236–40, 344 N.W.2d 115 (1984) (J. Abrahamson, *concurring in part and dissenting in part*). However, the terms are not synonymous.

The Restatement (Second) of Conflicts uses "competence" to refer to the powers given to courts by the state. RESTATEMENT (SECOND) OF CONFLICT OF LAWS (1971), vol. 1, pp. 101–02. "Because a state acts through both its constitution and statutes, competence in this sense would include both personal and subject matter jurisdiction." *Green County Dep't of Human Servs. v. H.N.*, 162 Wis. 2d 635, 656 n.17, 469 N.W.2d 845 (1991) (citations omitted). We have defined "competency to proceed" as the ability of a court to exercise its subject matter jurisdiction in regard to particular issues in specific cases. *See State v. Dawn M.*, 189 Wis. 2d 480, 485, 526 N.W.2d 275 (Ct. App. 1994).

This case involves a loss of competency to proceed and not a loss of subject matter jurisdiction. *See generally Eberhardy v. Wood County*, 97 Wis.2d 654, 665–66, 294 N.W.2d 540 (Ct. App. 1980) (holding that courts are without the power to make determination to sterilize an incompetent individual because that power was not conferred by specific statute), *aff'd by Eberhardy v. Wood County*, 102 Wis.2d 539, 307 N.W.2d 881 (1981). However, as will be explained, this does not result in dissimilar consequences. *See Green County*, 162 Wis. 2d at 654 n.15.

937

## I. BACKGROUND.

¶ 2. Ocasio was treated at Froedtert Memorial Lutheran Hospital on October 17, 1996. Ocasio alleges that she sustained an injury to her arm after a nurse injected her arm with Benadryl, an antihistamine used to combat allergic symptoms including itching. Pursuant to the provisions of Chapter 655, Ocasio mailed a request for mediation to the director of state courts by registered mail on October 8, 1999.

¶ 3. However, Ocasio also filed a summons and complaint in the circuit court on October 18, 1999. On February 4, 2000, Froedtert filed an answer to the complaint. Ocasio then filed an amended summons and complaint on February 8, 2000, which Froedtert answered on February 28, 2000. Froedtert made no jurisdictional challenges in either of its responsive pleadings.

¶ 4. On March 17, 2000, Froedtert's co-defendant, the Medical College of Wisconsin, filed a motion to dismiss. The motion alleged that Ocasio failed to comply with WIS. STAT. § 655.44(5), which precludes the commencement of a medical malpractice action until the expiration of the statutory mediation period under WIS. STAT. § 655.465(7). Froedtert joined the motion to dismiss on March 28, 2000.

¶ 5. The circuit court ultimately ruled that it lacked subject matter jurisdiction over the action due to Ocasio's failure to comply with Chapter 655. The circuit court also concluded that Ocasio's amended complaint was a nullity because the original action was never properly commenced. Therefore, Ocasio's cause of action was dismissed. Ocasio then filed a motion for reconsideration which was denied.

## II. ANALYSIS.

*A. WISCONSIN STAT. § 655.44(5)'s requirement is mandatory.*

¶ 6. Froedtert submits that, pursuant to WIS. STAT. § 655.44(5),[3] the circuit court must dismiss an action for medical malpractice when the complaint is filed prior to expiration of the period for mediation as required by WIS. STAT. § 655.465(7).[4] Ocasio argues that § 655.44(5) is merely directory, not mandatory. Accordingly, we must resolve the question of whether Ocasio's premature filing deprived the circuit court of competency to proceed. *Cf. Eby v. Kozarek*, 153 Wis. 2d 75, 78–79, 450 N.W.2d 249 (1990) (supreme court addressed "whether the 15 day time period for requesting

---

[3] WISCONSIN STAT. § 655.44(5) provides:

**Request for mediation prior to court action.**

. . . .

**(5)** NO COURT ACTION COMMENCED BEFORE MEDIATION. Except as provided in s. 655.445, no court action may be commenced unless a request for mediation has been filed under this section and until the expiration of the mediation period under s. 655.465(7).

[4] WISCONSIN STAT. § 655.465(7) provides:

**Mediation panels; mediation period.**

. . . .

**(7)** MEDIATION PERIOD. The period for mediation shall expire 90 days after the director of state courts receives a request for mediation if delivered in person or within 93 days after the date of mailing of the request to the director of state courts if sent by registered mail, or within a longer period agreed to by the claimant and all respondents and specified by them in writing for purposes of applying ss. 655.44(4) and (5) and 655.445(3).

mediation under sec. 655.445 [ ] was mandatory such that [an] untimely request deprived the trial court of competency to proceed").

¶ 7. "Whether a statute is mandatory or directory is a question of statutory interpretation." *Id.* at 79. The meaning of a statute is a question of law, which we review *de novo*. *Schmidt v. Wisconsin Employe Trust Funds Bd.*, 153 Wis. 2d 35, 41, 449 N.W.2d 268 (1990). "On any question of statutory construction the initial inquiry is to the plain meaning of the statute." *Id.* "If the statute is unambiguous, resort to judicial rules of interpretation and construction is not permitted, and the words of the statute must be given their obvious and intended meaning." *Id.* If and only if the language of the statute does not clearly or unambiguously set forth the legislative intent, will this court construe the statute so as to ascertain and carry out the legislative intent. *Jungbluth v. Hometown, Inc.*, 201 Wis. 2d 320, 327, 548 N.W.2d 519 (1996). If the language employed is clear and unambiguous, it is conclusive of legislative intent. *Cemetery Servs., Inc. v. Dep't of Regulation & Licensing*, 221 Wis. 2d 817, 825, 586 N.W.2d 191 (Ct. App. 1998).

¶ 8. Ocasio contends that the requirement of Wis. Stat. § 655.44(5) is merely directory, and, therefore, the circuit court did not lose competency to proceed when her action was prematurely filed before expiration of the mediation period under Wis. Stat. § 655.465(7). We disagree. The language of the statute is unambiguous and indicates that expiration of the mediation period is a precondition to the commencement of a medical malpractice action under Chapter 655.

940

¶ 9. In 1985, the legislature adopted the present mediation system for medical practice actions under Chapter 655. *See Schulz v. Nienhuis*, 152 Wis. 2d 434, 439, 448 N.W.2d 655 (1989). In *Eby v. Kozarek*, 153 Wis. 2d 75, 450 N.W.2d 249 (1990), the supreme court explained the mediation statutes in question:

> The current statutes provide two alternatives for pursuing redress. Under sec. 655.44(1), an injured patient may file a request for mediation with the Wisconsin Patients Compensation Panel rather than file a lawsuit. Once the request has been filed, the patient may not commence a court action until the mediation period under sec. 655.465(7) has expired. A second alternative is provided by sec. 655.445, which provides that a person may commence a lawsuit in the usual manner. Section 655.445(1) then provides that a request for mediation shall be filed within 15 days of filing the action in court.

*Id.* at 82 (citations omitted). The *Eby* court dealt exclusively with the latter option under Wis. Stat. § 655.445(1). Here, Ocasio chose to file the request for mediation before filing a lawsuit. Therefore, Wis. Stat. §§ 655.44(5) and 655.465(7) control.

¶ 10. Ocasio mailed her request for mediation on October 8, 1999. Section 655.465(7) states that "[t]he period for mediation shall expire . . . 93 days after the date of mailing of the request to the director of state courts if sent by registered mail." Therefore, the mediation period expired on January 9, 2000. Despite the fact that § 655.44(5) states that "no court action may be commenced . . . until the expiration of the mediation period under s. 655.465(7)," Ocasio filed her summons and complaint during the mediation period, on October 18, 1999. Thus, she violated the statute's prohibition against bringing suit during the mediation period.

¶ 11. The supreme court has previously stated that a number of factors must be examined in determining whether a statutory provision is mandatory or directory. *State v. Rosen*, 72 Wis. 2d 200, 207, 240 N.W.2d 168 (1976). "These include the objectives sought to be accomplished by the statute, its history, the consequences which would follow from the alternative interpretations, and whether a penalty is imposed for its violation." *Id.* (citation omitted). Further, in determining whether a statute is directory or mandatory, we must determine whether there is a substantial reason why the legislature limited the period for filing medical malpractice actions until after expiration of the mediation period. *See State v. Indus. Comm'n*, 233 Wis. 461, 466–67, 289 N.W. 769 (1940) (stating that where there is no substantial reason why the thing required to be done by statute may not be done at another time, the courts will deem the statute directory).

¶ 12. Here, a substantial reason exists for prohibiting a lawsuit from being filed during the statutory mediation period. "The period for mediation under the statutes [ ] seems to be a statutory 'cooling off' period, apparently unrelated to whether a mediation session occurs during that period." *Schulz*, 152 Wis. 2d at 441. The "intent of the statutory scheme is to interpose no more than a 90–day delay in the litigation process." *Bertorello v. St. Joseph's Hosp. of Marshfield*, 685 F. Supp. 192, 195 (W.D. Wis. 1988). "Thus litigation cannot proceed until the statutory mediation period ends." *Schulz*, 152 Wis. 2d at 441.

¶ 13. Additionally, one of the primary objectives of Chapter 655 "is to 'weed out' frivolous claims and provide a means whereby persons justly entitled to compensation can secure prompt disposition of their claims." *Kasbaum v. Lucia*, 127 Wis. 2d 15, 21, 377

N.W.2d 183 (Ct. App. 1985). Chapter 655, enacted in 1975, "established an exclusive procedure for the prosecution of malpractice claims against a health care provider." *Rineck v. Johnson*, 155 Wis. 2d 659, 665, 456 N.W.2d 336 (1990) (citation omitted), *overruled on other grounds by Chang v. State Farm Mut. Auto Ins.*, 182 Wis. 2d 549, 567, 514 N.W.2d 399 (1994). "Chapter 655 sets tort claims produced by medical malpractice apart from other tort claims, and parties are conclusively presumed to be bound by the provisions of the chapter. . . ." *Rineck*, 155 Wis. 2d at 665. These statutes addressed specific concerns:

> The legislature cited a sudden increase in the number of malpractice suits, in the size of awards, and in malpractice insurance premiums, and identified several impending dangers: increased health care costs, the prescription of elaborate "defensive" medical procedures, the unavaila-bility of certain hazardous services and the possibility that physicians would curtail their practices.

*State ex rel. Strykowski v. Wilkie*, 81 Wis. 2d 491, 508, 261 N.W.2d 434 (1978).

¶ 14. The language of § 655.44(5) clearly and unambiguously prohibits the filing of a medical malpractice action until after expiration of the mediation period. After examining the objectives sought to be accomplished by the mediation statues, as well as the history of Chapter 655, we conclude that §§ 655.44(5) and 655.465(7) create a mandatory "cooling off" period during which time no litigation may occur. This "cooling off" period is necessary to facilitate open communication and settlement without the pressure and adversarial nature of litigation, furthering the legislative

943

objectives of weeding out frivolous claims, reaching settlement without trial, and securing the prompt disposition of valid claims.

¶ 15. Further, "[i]f an action may not be brought except upon the happening of an event, then the occurrence of that event is a condition precedent to commencement of the action." *Siemering v. Siemering*, 95 Wis. 2d 111, 114, 288 N.W.2d 881 (Ct. App. 1980). "A condition precedent limits 'the time within which a certain prescribed act, necessary to the enforcement of [the plaintiff's] cause of action, shall be done.' " *Snopek v. Lakeland Med. Ctr.*, 223 Wis. 2d 288, 295, 588 N.W.2d 19 (1999) (citation omitted) (alteration in original). Here, expiration of the mediation period under § 655.465(7) is a condition precedent to the commencement of a medical malpractice action where the claimant has filed for mediation pursuant to § 655.44(1).

¶ 16. This statutory scheme is analogous to the notice of claim statutes. One such statute is WIS. STAT. § 893.80.[5] Several cases have addressed the con-

---

[5] WISCONSIN STAT. § 893.80 provides:

**Claims against governmental bodies or officers, agents or employees; notice of injury; limitation of damages and suits. (1)** Except as provided in subs. (1g), (1m), (1p) and (8), no action may be brought or maintained against any volunteer fire company organized under ch. 213, political corporation, governmental subdivision or agency thereof nor against any officer, official, agent or employee of the corporation, subdivision or agency for acts done in their official capacity or in the course of their agency or employment upon a claim or cause of action unless:

(a) Within 120 days after the happening of the event giving rise to the claim, written notice of the circumstances of the claim signed by the party, agent or attorney is served. . . .

dition precedent found in § 893.80 and its predecessor, WIS. STAT. § 59.76. In *Snopek*, the plaintiff filed a medical malpractice action against a hospital owned by Walworth County. *Snopek*, 223 Wis. 2d at 291. Because the plaintiff failed to give notice to the county within 120 days of the event giving rise to her claim, the supreme court held that "the notice of injury statute is a condition precedent," and, consequently, "[f]ailure of a party to fulfill the procedure . . . results in such party losing the right to proceed." *Id.* at 295. Similarly, in *Colby v. Columbia County*, 202 Wis. 2d 342, 550 N.W.2d 124 (1996), the supreme court held that a plaintiff's claim was not properly commenced:

> [A] cause of action is not properly commenced when a plaintiff prematurely files a summons and complaint, without first complying with notice requirements such as those inscribed in Wis. Stat. § 893.80. Section 893.80 prohibited the commencement of the original action by Colby in this case, where suit was filed only two days after the statutory claim was filed. . . .

*Id.* at 361–62.

¶ 17. In response, Ocasio asserts that this statutory "cooling off" period is similar to various time limits in the mediation statutes that have been held to be merely directory. *See Eby*, 153 Wis. 2d at 83 (holding that the fifteen-day time limitation for requesting mediation after filing an action is directory); *Schulz*, 152 Wis. 2d at 436 (holding that a claimant's failure to participate in a mediation session within the ninety-day time limitation does not require dismissal). However, in finding that strict adherence to the completion of mediation within the time frame was not required, the *Schulz* court addressed a number of practical concerns:

945

> Moreover, strong practical reasons militate against reading the mediation statute as requiring dismissal of the lawsuit if a claimant does not participate in a mediation session within the statutory mediation period. A multitude of events could cause a mediation session to be delayed beyond the statutory period: illness or weather; fixing a date convenient for all parties; the need to appoint different mediators.

*Id.* at 443. Unlike these statutory time limits, the "cooling off" period under §§ 655.44(5) and 655.465(7) do not involve similar concerns. The expiration of the mediation period is dependent upon only one factor – the passage of time. Weather, illness and compliance of the parties are not at issue.

¶ 18. Additionally, *Schulz* and *Eby* did not deal with a precondition to commencement of an action. *Schulz* dealt with the issue of whether a party was required to attend mediation under § 655.465 within the statutory period or else face dismissal of the lawsuit. *Id.* at 436. In concluding the requirement to attend mediation was merely directory, the supreme court reasoned:

> When considering the provisions of chapter 655 and their interrelationship, we are hard pressed to find any statutory provisions supporting the defendants' interpretation that a claimant's failure to participate in a mediation session within a 90–day period requires dismissal of the lawsuit. . . . No statutory provisions state that a mediation session must have taken place during the statutory mediation period.

*Id.* at 442.

¶ 19. In *Eby*, the court dealt with the issue of whether the expiration of the fifteen-day time period to

946

request mediation under § 655.445(1)[6] deprived the trial court of competency to proceed. *Eby*, 153 Wis. 2d at 78–79. The court concluded that "[c]hapter 655. . . . does not explicitly provide that an action is invalidated if a request for mediation is not made within 15 days of the date the action was filed." *Eby*, 153 Wis. 2d at 81.

¶ 20. In contrast to the statutory time limits dealt with in those cases, the language of § 655.44(5) is explicit: "no court action may be commenced . . . until the expiration of the mediation period." The clear and unambiguous language of the statute is conclusive of the legislative intent to create a mandatory "cooling off" period where no litigation may take place. Giving the words of the statute their obvious and intended meaning, we conclude that expiration of the mediation period under § 655.465(7) is a condition precedent to the commencement of a medical malpractice action under ch. 655 where the claimant has filed a request for mediation under § 655.44. Accordingly, Ocasio's action was premature and cannot be maintained.

*B. The amended complaint.*

¶ 21. Next, Ocasio contends that the amended summons and complaint filed on February 8, 2000 related back to the original summons and complaint

---

[6] WISCONSIN STAT. § 655.445 provides:

**Request for mediation in conjunction with court action.** **(1)** COMMENCING ACTION, REQUEST AND FEE. Beginning September 1, 1986, any person listed in s. 655.007 having a claim or a derivative claim under this chapter for bodily injury or death because of a tort or breach of contract based on professional services rendered or that should have been rendered by a health care provider shall, within 15 days after the date of filing an action in court, file a request for mediation.

pursuant to WIS. STAT. § 802.09. Ocasio concludes that the amended pleadings establish a viable cause of action because they were filed after expiration of the mediation period and before running of the statute of limitations.[7] We disagree.

¶ 22. This issue requires examination of both WIS. STAT. § 802.09, dealing with amended pleadings, as well as WIS. STAT. § 801.02, dealing with the commencement of an action. The interpretation and application of statutes presents questions of law which we review *de novo. Archambault v. A-C Prod. Liab. Trust*, 205 Wis. 2d 400, 403–04, 556 N.W.2d 392 (Ct. App. 1996).

¶ 23. Generally, "the circuit court acquires subject matter jurisdiction or competency to act when a properly subscribed summons and complaint is filed with the court." *McMillan-Warner Mut. Ins. v. Kauffman*, 159 Wis. 2d 588, 594, 465 N.W.2d 201 (Ct. App. 1990). Section 801.02(1) states in relevant part: "A civil action in which a personal judgment is sought is commenced as to any defendant when a summons and a complaint naming the person as defendant are filed with the court . . . ." *Id.* However, "a cause of action is not properly commenced when a plaintiff prematurely files a summons and complaint." *Colby*, 202 Wis. 2d at 361.

¶ 24. We have concluded that expiration of the mediation period was a condition precedent to the commencement of Ocasio's action. "That condition not

---

[7] The statute of limitations, WIS. STAT. § 893.55, was tolled for the duration of the statutory mediation period plus thirty days. *See* WIS. STAT. § 655.44(4). Ocasio mailed her request for mediation on October 8, 1999, nine days before expiration of the statute of limitations. Therefore, the statute of limitations ran on February 17, 2000.

having been met, the action was never commenced." *Siemering*, 95 Wis. 2d at 115. Therefore, because Ocasio filed her medical malpractice action prematurely, the original pleading was a nullity, and could not be amended. *Id.* ("A pleading in an action never commenced cannot be amended.").

## C. Waiver.

¶ 25. Finally, Ocasio contends that Froedtert waived this jurisdictional defense at the circuit court level because it failed to raise the issue by motion prior to filing a responsive pleading, or in its responsive pleadings. Again, we are not persuaded. We agree with the circuit court's ruling that a lack of competency is not subject to waiver and dismissal of the action was required.

¶ 26. "Whether a trial court lacks [competency] is a question of law, which we review de novo." *State v. Schroeder*, 224 Wis. 2d 706, 711, 593 N.W.2d 76 (Ct. App. 1999). The consequence of failing to comply with a mandatory statutory provision has been described in various ways: "Wisconsin appellate courts have previously held that failure to comply with mandatory time limits . . . may result in the *loss of the circuit court's competency to proceed*," *State v. April O.*, 2000 WI App 70, ¶ 5, 233 Wis. 2d 663, 607 N.W.2d 927 (emphasis added); "As the trial court determined, it had no [competency] in the case. The state no longer has a cause of action. Mandatory statutory time provisions have been regarded by this court as *affecting the subject matter jurisdiction* of a court." *Rosen*, 72 Wis. 2d at 209 (emphasis added).

¶ 27. Therefore, failure to comply with a mandatory statutory provision eliminates "the ability of a court to exercise its subject matter jurisdiction." *State v. Dawn M.*, 189 Wis. 2d 480, 485, 526 N.W.2d 275 (Ct. App. 1994). Accordingly, the court loses the "power ... to hear the kind of action brought," which "is called 'jurisdiction of the subject matter.' " WIS. STAT. § 801.04(1).

¶ 28. "[I]t has long been the rule that parties may waive or consent to a court's lack of personal jurisdiction, but not to its lack of subject matter jurisdiction. *Green County*, 162 Wis. 2d at 655. WISCONSIN STAT. § 802.06(8)(c) states: "If it appears by motion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." "A court not only has the power to dismiss when it becomes aware of its lack of subject-matter jurisdiction but has the duty *sua sponte* to do so." *Achtor v. Pewaukee Lake Sanitary Dist.*, 88 Wis. 2d 658, 664, 277 N.W.2d 778 (1979). Therefore, the circuit court properly dismissed Ocasio's medical malpractice action when it discovered, through defendant's motion to dismiss, that it lacked the power to exercise its subject matter jurisdiction, because Ocasio prematurely filed her action prior to expiration of the mediation period.

¶ 29. For all of the above stated reasons, we affirm the trial court's judgment dismissing Ocasio's medical malpractice action and denying her motion for reconsideration.

*By the Court.*—Judgment affirmed.