Jeanette OCASIO, Plaintiff-Appellant-Petitioner,

v.

FROEDTERT MEMORIAL LUTHERAN HOSPITAL,
Defendant-Respondent,

Michael KEFER, M.D., Defendant,

ABC INSURANCE, DEF Insurance, GHI Insurance,
JKL Insurance, and Wisconsin Patients Compen-
sation Fund, Defendants-Respondents,

MEDICAL COLLEGE OF WISCONSIN and Gary L. Swart,
M.D., Defendants.

Supreme Court

*No. 00-3056. Oral argument May 28, 2002.—Decided
July 3, 2002.*

2002 WI 89

(Also reported in 646 N.W.2d 381.)

For the plaintiff-appellant-petitioner there were briefs by *Thomas A. Ogorchock* and *Miller & Ogorchock, S.C.,* Milwaukee, and *Timothy J. Aiken* and *Aiken & Scoptur, S.C.,* Milwaukee, and oral argument by *Thomas A. Ogorchock* and *Timothy J. Aiken.*

For defendants-respondents there was a brief by *Todd M. Weir, Jennifer A. Slater Carlson,* and *Otjen, Van Ert, Lieb & Weir, S.C.,* Milwaukee, and oral argument by *Jennifer A. Slater Carlson.*

An amicus curiae brief was filed by *Mark E. Larson, Bradley S. Foley,* and *Gutglass, Erickson, Bonville,*

*Seibel & Falkner, S.C.,* Milwaukee, on behalf of the Civil Trial Counsel of Wisconsin.

An amicus curiae brief was filed by *Randall E. Reinhardt* and *David M. Skoglind,* Milwaukee, on behalf of the Wisconsin Academy of Trial Lawyers.

¶ 1. ANN WALSH BRADLEY, J. The petitioner, Jeanette Ocasio, seeks review of a court of appeals decision affirming a circuit court order dismissing her medical malpractice action against Froedtert Memorial Lutheran Hospital and other defendants. She asserts that the court of appeals erred by concluding that dismissal is mandated for noncompliance with the provision in Wis. Stat. § 655.44(5) (1999–2000)[1] requiring a medical malpractice claimant to wait until the end of the statutory mediation period before filing a summons and complaint. We agree with Ocasio that failure to comply with that provision does not require as a remedy the circuit court's dismissal of the action. Accordingly, we reverse the decision of the court of appeals and remand for further proceedings consistent with this opinion.

I

¶ 2. The parties agree to the facts necessary to our decision in this case. Ocasio was treated at Froedtert on October 17, 1996. She alleges that she sustained an injury to her arm after a nurse negligently injected her with Benadryl, an antihistamine used to treat symptoms of allergic reactions.

¶ 3. Ocasio mailed a request for mediation to the Director of State Courts by registered mail on October 8, 1999, as required by Wis. Stat. ch. 655. Chapter 655

---

[1] All subsequent references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise indicated.

provides, among other things, for the establishment of a mediation system for medical malpractice actions as defined in the statute. *See* Wis. Stat. §§ 655.006, 655.007, and 655.42.

¶ 4. Section 655.44(5) provides that no court action may be commenced until the expiration of a 90-day mediation period. The mediation period is intended to be a "cooling off" period.[2] *Schulz v. Nienhuis,* 152 Wis. 2d 434, 441, 448 N.W.2d 655 (1989).

¶ 5. On October 18, 1999, well before the end of the mediation period, Ocasio filed a summons and complaint in circuit court. No party's answer to the complaint raised the issue of the premature commencement of the action.

¶ 6. Because of scheduling problems,[3] mediation was not held within the statutory period. Instead the mediation session was conducted on February 4, 2000, approximately three weeks outside the mediation period. A few days later, Ocasio filed an amended summons and complaint, essentially to drop a party from the action, but she otherwise repeated the originally asserted allegations against the remaining defendants.

¶ 7. On February 17, 2000, the statute of limitations expired.[4] Subsequently, the defendant, Medical College of Wisconsin, raised the noncompliance with § 655.44(5) by asserting that the court lacked jurisdiction and competence over the defendants.

---

[2] Because Ocasio sent her request for mediation by registered mail, the mediation period spanned 93 days, beginning with the date her request was mailed. Wis. Stat. § 655.465(7).

[3] Counsel for Ocasio stated at oral argument that this was the reason for the delay.

[4] The statute of limitations was tolled from the date Ocasio mailed the mediation request until 30 days after the last day of the mediation period. Wis. Stat. § 655.44(4).

Froedtert, however, made no assertion of Ocasio's non-compliance with § 655.44(5) in its answer to the amended complaint.

¶ 8. The Medical College of Wisconsin moved for dismissal on March 17, 2000, and argued that Ocasio failed to comply with § 655.44(5) by filing her action before the expiration of the statutory mediation period under Wis. Stat. § 655.465(7). Section 655.44(5) states:

> Except as provided in s. 655.445, no court action may be commenced unless a request for mediation has been filed under this section and until the expiration of the mediation period under s. 655.465(7).

Froedtert then joined in the motion to dismiss, and the circuit court concluded that because Ocasio had failed to comply with § 655.44(5), her suit must be dismissed.

¶ 9. In the court of appeals, Ocasio argued that the circuit court erred in dismissing her suit because the requirement in § 655.44(5) that a claimant must wait for the mediation period to expire before filing a medical malpractice action was merely directory. In addition, she asserted that her amended pleadings rectified any problem, and that Froedtert waived any jurisdictional objections.

¶ 10. The court of appeals concluded that the expiration of the mediation period is a condition precedent to the commencement of a medical malpractice action and that noncompliance required dismissal of Ocasio's claim. Further the court opined that there was no waiver here because there can be no waiver of a court's lack of competency to proceed. Accordingly, the court of appeals affirmed the decision of the circuit court.

## II

■

¶ 11.   The question we address is whether a circuit court must dismiss an action when a ch. 655 claimant fails to comply with the provision in § 655.44(5) stating that no court action may be commenced until the expiration of the mediation period under § 655.465(7). This issue of statutory interpretation presents a ques-- tion of law subject to independent appellate review. *Patients Comp. Fund v. Lutheran Hosp.*, 223 Wis. 2d 439, 454, 588 N.W.2d 35 (1999).[5]

## III

■

¶ 12.   The language in § 655.44(5) is clear and unambiguous as applied to the facts here: "Except as provided in s. 655.445, no court action may be commenced . . . until the expiration of the mediation period under s. 655.465(7)." Ocasio failed to comply with this statutory provision. The question becomes what is the proper remedy.

¶ 13.   Section 655.44(5) is silent as to the remedy for failure to comply with the timing provision. Thus, we look to the purpose of § 655.44(5) and previous interpretations given other timing provisions in ch. 655 in order to determine the proper remedy.

¶ 14.   The purpose of ch. 655 is apparent from the statement of legislative intent in the statutes. The legislature expressly stated that the mediation system

---

[5] Although the court of appeals discussed competence and subject matter jurisdiction, we do not view this case as implicating those concepts. There is no question that Ocasio failed to comply with the language of the statute. The question is what remedy ensues as a result of this statutory violation, since the statute does not provide one.

is intended to provide claimants with an "informal, inexpensive, and expedient means for resolving disputes." Wis. Stat. § 655.42(1). The informal, flexible nature of the mediation system under ch. 655 has been recognized repeatedly by this court. *See Eby v. Kozarek,* 153 Wis. 2d 75, 83, 450 N.W.2d 249 (1990); *Schulz,* 152 Wis. 2d at 439. The court also has indicated that ch. 655 is intended to provide a cooling off period regardless of whether a mediation session occurs during that period. *Schulz,* 152 Wis. 2d at 441.

¶ 15. This court and the court of appeals previously have concluded that dismissal for failure to comply with certain timing requirements in ch. 655 is inconsistent with the purpose of ch. 655. *Eby,* 153 Wis. 2d at 83; *Schulz,* 152 Wis. 2d at 443; *Gauger v. Mueller,* 149 Wis. 2d 737, 742, 439 N.W.2d 637 (Ct. App. 1989).

¶ 16. For example, in *Eby,* this court addressed a plaintiff's failure to comply with the statutory requirement in § 655.44's companion statute, Wis. Stat. § 655.445, that a claimant file a request for mediation within 15 days of filing an action. The court concluded that failure to comply did not require dismissal despite the use of the word "shall" in the statute. *Eby,* 153 Wis. 2d at 77.

¶ 17. Similarly, in *Gauger,* the court of appeals addressed whether the time period in § 655.465(7) was mandatory where the plaintiff failed to participate in mediation within the statutory period. 149 Wis. 2d at 739. Despite the use of the term "shall" in the statute, the court of appeals concluded that the statute was directory rather than mandatory, and that dismissal was not required. *See id.* at 743.

¶ 18. Finally, in *Schulz,* this court concluded that failure to participate in a mediation session within the statutory mediation period under § 655.465(7) does not require the circuit court to dismiss the action. 152 Wis.

2d at 436. The court noted that its decision was consistent with that of the court of appeals in *Gauger*. *Id.* at 439.

¶ 19.  In all of these decisions, the courts relied on the purpose of the statute as providing for a system of informal, flexible procedures. Dismissal for failure to comply with a ch. 655 timing provision was considered inconsistent with this purpose despite the legislature's use of the term "shall." Thus, in none of these cases did the courts determine that failure to comply with the statute necessitated dismissal.

¶ 20.  A conclusion that the failure to abide by the timing provision in § 655.44(5) mandates dismissal would be inconsistent with these prior holdings. All of the statutory provisions are part of the same mediation system. Each was created by the legislature to serve the same objectives, as stated in § 655.42(1).

¶ 21.  Accordingly, we follow *Eby, Schulz,* and *Gauger* in determining that failure to comply with the timing provision in § 655.44(5) also does not require dismissal. We agree with this reasoning by the court in *Schulz* and apply it here:

> If the legislature intended the result the defendants urge, it could have expressly stated that a claimant's failure to participate in a mediation session within the statutory mediation period results in dismissal. It did not do so. In the absence of express language, we are unwilling to read the harsh penalty of dismissal of the lawsuit into the mediation statute. The tenor of modern law is to avoid dismissal of cases on technical grounds and to allow adjudication on the merits.

152 Wis. 2d at 443. Holding claimants to "precise and inflexible requirements" does not comport with the legislature's stated intent in § 655.42 to make proce-

dures in medical malpractice cases informal and flexible. *Eby,* 153 Wis. 2d at 83; *see also Bertorello v. St. Joseph's Hosp.,* 685 F. Supp. 192, 195 (W.D. Wis. 1988).

¶ 22. In addition, if failure to comply with § 655.44(5) mandated dismissal, the statute would promote game playing rather than an informal, flexible procedure for dispute resolution. An interpretation of the statute to mandate dismissal would allow defendants to lie in the weeds until the statute of limitations ran, then move to dismiss based on the plaintiff's failure to comply with § 655.44(5). The statute would serve as a trap for the unwary, not the informal and flexible system intended.

¶ 23. In short, we follow precedent and the purpose of the statute to conclude that a plaintiff's failure to comply with the timing provision in § 655.44(5) does not mandate that the circuit court dismiss an action. As in *Schulz,* in the absence of language expressly mandating the remedy of dismissal, we are unwilling to read into the statute the requirement of such a harsh remedy for noncompliance with this mediation provision.

¶ 24. The chronology of events in this case reinforces our concern that interpreting § 655.44(5) to mandate the remedy of dismissal will result in game playing by defendants and a trap for unwary plaintiffs. Here, the defendants filed their initial answers before the statute of limitations on Ocasio's claim had run, and they made no objection to Ocasio's failure to comply with § 655.44(5). It was only after the running of the statute of limitations that the defendants raised Ocasio's failure to comply with § 655.44(5) as grounds for dismissal.

¶ 25. Having concluded that the failure to comply with the timing provision in § 655.44(5) does not man-

date dismissal, we still must determine what sanction is available for failure to comply with the statute. A defendant is not without any recourse when a plaintiff fails to comply with § 655.44(5). We follow *Eby* in concluding that the circuit court retains discretion to determine the appropriate sanction, if any, for the failure to comply with the timing provision in § 655.44(5). *See* 153 Wis. 2d at 82. The sanction may range from no sanction to dismissal in the most egregious cases. *Id.*

## IV

¶ 26.  In sum, we conclude that failure to comply with the timing provision in § 655.44(5) does not require the circuit court to dismiss the ch. 655 claimant's action. We therefore reverse the court of appeals, and we remand for the circuit court to exercise its discretion in determining what sanction, if any, is appropriate for Ocasio's failure to comply with the statute.

*By the Court.*—The decision of the court of appeals is reversed, and the cause is remanded to the circuit court for further proceedings consistent with this opinion.

¶ 27.  N. PATRICK CROOKS, J. *(dissenting).*  I cannot join the majority's opinion because I disagree that failure to comply with Wis. Stat. § 655.44(5) does not necessitate dismissal. The majority acknowledges that Ocasio failed to comply with § 655.44(5), but then concludes that the statute is silent as to the appropriate remedy, requiring the court to look to the purpose of the statute and previous interpretations given other timing provisions in ch. 655. I respectfully dissent because this analysis is wholly unnecessary. The language in § 655.44(5) unambiguously states, "no court action may

be commenced" unless two conditions are satisfied. I find this language unambiguous and instructive regarding the appropriate remedy for failure to comply with the statute. Failure to comply with § 655.44(5) necessitates dismissal since a statutory condition precedent was not met.

¶ 28. The majority first turns to the purpose of the medical malpractice mediation system and states that ch. 655 is intended to provide claimants with an "informal, inexpensive, and expedient means for resolving disputes." Majority op. at ¶ 14 (citing Wis. Stat. § 655.42(1)). After examining case law interpreting various sections of ch. 655, the majority then concludes, "in the absence of language expressly mandating the remedy of dismissal, we are unwilling to read into [§ 655.44(5)] the requirement of such a harsh remedy for noncompliance with this mediation provision." *Id.* at ¶ 23. I agree with the objectives and purpose of ch. 655. I disagree, however, that § 655.44(5) does not expressly mandate the remedy of dismissal for noncompliance. Furthermore, I conclude that mandating dismissal for failure to comply with § 655.44(5) is consistent with the purpose of ch. 655.

¶ 29. The majority needs to look no further than the statute itself to determine that Wis. Stat. § 655.44(5) mandates that Ocasio's medical malpractice cause of action must be dismissed. Wisconsin Stat. § 655.44(5) states: "Except as provided in s. 655.445, *no court action may be commenced* unless a request for mediation has been filed under this section and *until the expiration of the mediation period under s. 655.465(7).*" (Emphasis added). It is undisputed that Ocasio did not follow the statutory requirements because she filed the summons and complaint 83 days before the mediation period expired. To determine the appropriate remedy for noncompliance, therefore, we

377

need simply to interpret the meaning of this language: "no court action may be commenced."

¶ 30. By holding that Ocasio's lawsuit does not necessitate dismissal, the majority apparently concludes that the statutory language, "no court action may be commenced," is directory rather than mandatory. I disagree. Although the statute uses the word "may," which often indicates directory language, here it is coupled with "no." Using "may" in a negative sense—such as "may not"—makes the statute mandatory. For example, in *Brookhouse v. State Farm Mutual Insurance*, 130 Wis. 2d 166, 170, 387 N.W.2d 82 (Ct. App. 1986), the court of appeals concluded that the statutory language "may not be enlarged" is mandatory.

> The distinction is not between "shall" and "may" but between "may" and "may not." "May not" is a negative term. Where statutory restrictions are couched in negative terms, they are usually held to be mandatory. Negative words in a grant of power should never be construed as directory. . . . Thus, where the statute says that the time for motions after verdict may not be enlarged, these are negative words regarding the grant of power. We hold that the language is mandatory.

(Citations omitted.)

¶ 31. This case presents a similar question and accordingly, I conclude that "no court action may be commenced" is mandatory. When statutory language is unambiguous, the court's duty is to give that language its ordinary meaning. *Gauger v. Mueller*, 149 Wis. 2d 737, 740, 439 N.W.2d 637 (Ct. App 1989). Section 655.44(5) is unambiguous and means exactly what it states. Acting under the statute at issue, Ocasio may not commence a court action until the mediation period has expired. The unambiguous language in § 655.44(5)

prohibits the commencement of Ocasio's court action here; thus, failure to comply with the statute necessitates dismissal.[1]

¶ 32. I find further support for this conclusion because the plain language of Wis. Stat. § 655.44(5) creates a condition precedent, which, when not complied with, means that the cause of action has not been properly commenced. "If an action may not be brought except upon the happening of an event, then the occurrence of that event is a condition precedent to the commencement of the action." *Siemering v. Siemering,* 95 Wis. 2d 111, 114, 288 N.W.2d 881 (Ct. App. 1980). The plain language in § 655.44(5) states that a cause of action may not be brought except upon the expiration of the mediation period under § 655.465(7). Expiration of the mediation period, therefore, is a condition precedent and a suit filed prematurely is void because of the failure to comply with the condition precedent.

¶ 33. Applied here, Ocasio failed to comply with the condition precedent in Wis. Stat. § 655.44(5); thus, the circuit court did not have competency to hear the case.[2] *See Colby v. Columbia County,* 202 Wis. 2d 342, 362, 550 N.W.2d 124 (1996) ("A cause of action is not

---

[1] This interpretation of Wis. Stat. § 655.44(5) is consistent with this court's previous decision in *Eby v. Kozarek,* 153 Wis. 2d 75, 82, 450 N.W.2d 249 (1990). In that case, Justice Bablitch, writing for a unanimous court, cited § 655.44(5) and stated: "Once the request [for mediation] has been filed, the patient may not commence a court action until the mediation period under sec. 655.465(7) has expired."

[2] The court of appeals correctly noted that the terms "competence" and "jurisdiction" are not synonymous. *Ocasio v. Froedtert Memorial Lutheran Hospital,* 2001 WI App 264, ¶ 1 n.2, 248 Wis. 2d 932, 637 N.W.2d 459. In *Figgs v. City of Milwaukee,* 121 Wis. 2d 44, 51–52 n.6, 357 N.W.2d 548 (1984), this court specifically discussed the difference:

properly commenced when a plaintiff prematurely files a summons and complaint. . . . "); *McMillan-Warner Mut. Ins. v. Kauffman,* 159 Wis. 2d 588, 594, 465 N.W.2d 201 (Ct. App. 1990) (noting that the court has "competency to act when a properly subscribed summons and complaint is filed with the court.").[3] I conclude, therefore, that the circuit court properly dismissed Ocasio's medical malpractice claim since the circuit court lacked competency to proceed with the matter.

¶ 34. Contrary to the majority's approach, I further conclude that mandating dismissal for failure to comply with Wis. Stat. § 655.44(5) is consistent with the purpose of the medical malpractice mediation system. The majority claims that dismissal is a harsh penalty in a system where procedures are intended to be informal and flexible. Majority op. at ¶ 21. Again, I disagree.

¶ 35. In establishing the mediation system in ch. 655, the legislature provided for flexibility by creating

> [W]e point out that this court has stated that [] statutory conditions or conditions precedent have nothing to do with subject matter jurisdiction of a circuit court. They deal only with the appropriate conditions set by the legislature as a prerequisite for commencing or maintaining an action. Subject matter jurisdiction is conferred on the circuit courts by the constitution. Whether or not a proper claim has been filed, the circuit court has jurisdiction of the subject matter.

(Internal citations omitted). Several years later this court revisited that language with approval in *Gillen v. City of Neenah,* 219 Wis. 2d 806, 824–825, 580 N.W.2d 628 (1998).

[3] As the court of appeals in this case noted, the condition precedent in Wis. Stat. § 655.44(5) is analogous to notice of claim statutes. *Ocasio,* 2001 WI App 264, ¶ 16 (analogizing to § 893.80 where failure of a plaintiff to give notice within the statutory time period results in the party losing the right to proceed).

two options for commencing a medical malpractice case. *See Eby v. Kozarek,* 153 Wis. 2d 75, 82, 450 N.W.2d 249 (1990) (describing the current statutory scheme as "two alternatives for pursuing redress"); *Seaquist v. Physicians Ins. Co.,* 192 Wis. 2d 530, 541, 531 N.W.2d 437 (Ct. App. 1995) ("A claimant must choose one of two ways of participating in the mediation system."). First, under Wis. Stat. § 655.445 a plaintiff can initially file a claim in court and then within fifteen days file a request for mediation. Second, under § 655.44, which Ocasio relied on, a plaintiff can initially request mediation and then, after the mediation period has expired, file a claim in court. These two procedures are clearly written in the statutes to provide the flexibility that the legislature intended for medical malpractice cases. The majority's decision here unnecessarily bends those procedures to allow for further options that are contrary to the unambiguous language of § 655.44.

¶ 36.   Finally, mandating dismissal for failure to comply with the condition precedent in Wis. Stat. § 655.44(5) is consistent with the legislature's intent of having a "cooling off" period. Chapter 655 provides that during the mediation period, the statutes of limitations are tolled, and furthermore, no discovery, pretrial conference, or scheduling conference is to take place until the mediation period expires. Wis. Stat. § 655.445(2) and (3). Moreover, this court discussed the mediation period in *Schulz v. Nienhuis,* 152 Wis. 2d 434, 448 N.W.2d 655 (1989). Now Chief Justice Abrahamson, writing for a unanimous court, described the mediation period:

> Section 655.445(3) provides that "no trial, pretrial conference or scheduling conference may be held until the expiration of the mediation period under sec. 655.465(7)." Thus litigation cannot proceed until the statutory mediation period ends. The prohibition on

pretrial activities applies to the entire 90-day period. No provision is made for allowing parties who complete the mediation session before the statutory mediation period expires to proceed to trial. *The period for mediation under the statutes therefore seems to be a statutory "cooling off" period,* apparently unrelated to whether a mediation session occurs during that period.

152 Wis. 2d at 441 (emphasis added). I acknowledge that *Schulz* was addressing the procedure in § 655.445, rather than § 655.44(5). Nonetheless, the purpose of the mediation period—to allow the parties to "cool off"—applies to both statutes. The legislature intended that litigation neither be initiated nor proceed during the mediation period. Consequently, the circuit court appropriately dismissed Ocasio's claim for failure to follow that statutory mandate.

¶ 37.  In conclusion, ch. 655 unambiguously and explicitly provides two options for commencement of a medical malpractice claim. Ocasio did not follow either. Her actions were contrary to the unambiguous language in Wis. Stat. § 655.44(5). I agree with the circuit court and the court of appeals, therefore, that her failure to comply with § 655.44(5) mandates dismissal of her medical malpractice claim since the circuit court lacked competency to hear the case. For these reasons, I respectfully dissent.

¶ 38.  I am authorized to state that Justice DIANE S. SYKES joins this dissent.