COURT OF APPEALS
DECISION
DATED AND FILED

December 3, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP1728**

STATE OF WISCONSIN

Cir. Ct. No. 2021CV1965

IN COURT OF APPEALS
DISTRICT I

HEATHER GUDEX,

PLAINTIFF-RESPONDENT,

V.

FRANKLIN COLLECTION SERVICE, INC.,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: FREDERICK C. ROSA, Judge. *Affirmed*.

Before White, C.J., Donald, P.J., and Geenen, J.

Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).

¶1 PER CURIAM. Franklin Collection Service, Inc. (FCS), appeals from an order granting class certification in an action brought by Heather Gudex. On appeal, FCS contends that the circuit court erroneously granted Gudex's motion for class certification, and that Gudex lacked standing. For the reasons discussed below, we reject FCS's arguments and affirm.

## BACKGROUND

¶2 The underlying facts of this case are largely undisputed. In February 2021, FCS mailed Gudex a letter attempting to collect a debt owed to a third-party. The letter referred to the debt by its "FCSI CASE #" and client account number. The letter offered to settle the account and stated in part that "if you are not paying this account, contact your attorney regarding our potential remedies, and your defenses, or call (877) 264-2172." The letter noted at the end that, "[w]hen this letter was mailed no attorney has personally reviewed your account."

¶3 Gudex filed a complaint against FCS in the Milwaukee County Circuit Court. Gudex asserted that FCS violated the Wisconsin Consumer Act (WCA), *see* WIS. STAT. chs. 421-427 (2021-22),[1] and the Fair Debt Collection Practices Act (FDCPA), *see* 15 U.S.C. § 1692 *et seq.* (2018). According to Gudex, FCS's letter confused her, and as a result, she "feared that she might be sued and brought [the letter] to her attorneys."

¶4 FCS moved to dismiss for failure to state a claim. FCS argued that the letter was not false, misleading, overshadowing, or confusing. Additionally,

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

FCS asserted that Gudex's claims failed because she lacked standing to bring the claims. After briefing and oral argument, the circuit court denied FCS's motion. The circuit court found that Gudex stated a claim against FCS and had standing to pursue relief under Wisconsin law.

¶5    In January 2022, Gudex sent FCS a notice and demand under WIS. STAT. § 426.110(4) indicating that she intended to seek monetary damages on behalf of a class of similarly situated individuals. FCS responded to Gudex's notice and demand with an offer of relief, which consisted of "[l]egally compensable actual damages (exclusive of any claimed attorney's fees)," the statutory maximum penalty of $1,000, and a stipulated injunction that FCS "is henceforth restrained from sending collection letters, to anyone, containing the language … that allegedly violates the [WCA] and/or the [FDCPA] under the circumstances alleged." Gudex rejected FCS's offer.

¶6    In May 2022, Gudex filed a motion for class certification. FCS opposed the motion. Relevant to this appeal, FCS contended that Gudex's individual and class claims were barred under WIS. STAT. § 426.110(4)(c) because FCS made her a complete offer of relief, which she rejected.

¶7    After hearing argument, the circuit court issued a written decision granting Gudex's motion. In particular, the circuit court found that FCS "did not offer Gudex an appropriate remedy sufficient to bar Gudex's individual and class claims … because the remedy does not appropriately address the whole class." The circuit court explained that:

> If FCS's interpretation is true, then any class action for damages would be unduly difficult to maintain. All a defendant would need to do is pay off the lead plaintiff to prevent class certification. This scenario is contrary to the

purpose of allowing class action suits for violations of the WCA.

The court further stated:

> Wisconsin courts have noted that it is "in the public interest as declared by the legislature to permit class actions when the prerequisites are satisfied" in part because it simplifies lawsuits and avoids "a multiplicity of litigation." A situation where defendants only need to pay lead plaintiffs to prevent class certification is contrary to that purpose because it incentives multiple plaintiffs coming forward that would have been a part of the proposed class to file a class action suit in hopes of either getting paid off individually, or actually moving forward as a class action.

(Citation omitted.) FCS now appeals.

## DISCUSSION

### I. Class Certification

¶8 On appeal, FCS renews its argument that Gudex's claims are barred. FCS contends that its settlement offer was an "appropriate remedy" within the meaning of WIS. STAT. § 426.110(4)(c) thereby mooting Gudex's individual claims and precluding Gudex from maintaining a class action for damages. According to FCS, the circuit court erroneously interpreted "appropriate remedy" to require "class-wide relief" when FCS's offer of "complete individual relief" was sufficient. We are not persuaded.

¶9 In Wisconsin, state court class actions under the WCA and FDCPA are addressed in WIS. STAT. § 426.110. Paragraph (4)(c) provides that "no action for damages may be maintained under this section if an appropriate remedy, which shall include actual damages and may include penalties, is given, or agreed to be given within a reasonable time, to such party within [thirty] days after receipt of such notice."

¶10      When interpreting a statute, we start with the language of the statute. ***State ex rel. Kalal v. Circuit Ct. for Dane Cnty.***, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110.  If the meaning of the words of a statute is plain, we stop our inquiry and apply the words chosen by the legislature.  ***Id.***  Statutory language is interpreted "to avoid absurd or unreasonable results."  ***Id.***, ¶46.  When a statute is ambiguous (i.e., when it "is capable of being understood by reasonably well-informed persons in two or more senses"), we turn to the "scope, history, context, and purpose of the statute" to resolve the ambiguity.  ***Id.***, ¶¶47-48 (citation omitted).  Questions of statutory language are reviewed *de novo*.  ***Myers v. DNR***, 2019 WI 5, ¶18, 385 Wis. 2d 176, 922 N.W.2d 47.

¶11      WISCONSIN STAT. § 426.110(4)(c) states that an "appropriate remedy … shall include actual damages and may include penalties[.]"  The statute is silent as to whether an "appropriate remedy" requires individual relief or relief for the whole class.  The statute's silence on the issue renders the statute ambiguous.  Consequently we look beyond the language of the statute to ascertain the legislative intent.  ***Kalal***, 271 Wis. 2d 633, ¶¶47-48; *see also*, ***Ocasio v. Froedtert Mem'l Lutheran Hosp.***, 2002 WI 89, ¶13, 254 Wis. 2d 367, 646 N.W.2d 381 (examining the purpose of a statute and previous interpretations of related statutory provisions when the statute was silent on an issue).

¶12      As FCS acknowledges, "Chapters 421 to 427 shall be liberally construed and applied to promote their underlying purposes and policies," which includes the "protect[ion] [of] customers against unfair, deceptive, false, misleading and unconscionable practices by merchants" as well as "encourag[ing] the development of fair and economically sound consumer practices in consumer transactions."  WIS. STAT. §§ 421.102(1), 421.102(2)(b) & (c).  To that end, any

person affected by a violation of the WCA or FDCPA is empowered to bring a class action in Wisconsin. *See* WIS. STAT. § 426.110(1).[2]

¶13    Further, as we have previously observed, "the case law is clear that public policy favors class actions especially where the amount in controversy is so small that the wronged party is unlikely ever to obtain judicial review of the alleged violation without a class action." ***Harwood v. Wheaton Franciscan Servs., Inc.***, 2019 WI App 53, ¶58, 388 Wis. 2d 546, 933 N.W.2d 654.  Class actions "simplif[y]" lawsuits and avoid "a multiplicity of litigation." *See **id.***, ¶54 (citation omitted).

¶14    Thus, interpreting WIS. STAT. § 426.110(4)(c) to only require an offer of individual relief, and not class-wide relief, would be contrary to the purpose of allowing class action lawsuits in Wisconsin.  As the circuit court found, requiring an offer of only individual relief to bar a plaintiff's claims would make a class action "unduly difficult to maintain" as "[a]ll a defendant would need to do is pay off the lead plaintiff to prevent class certification."  Thus, we conclude that the circuit court properly found that FCS's offer in this case did not moot Gudex's

---

[2] We note that FCS discusses California's Consumer Legal Remedies Act and argues that if the Wisconsin legislature had intended to require class-wide relief, it would have followed the California code.  Instead, according to FCS, the Wisconsin legislature intentionally departed from California's code.  FCS, however, does not cite any sources for its assertion that the Wisconsin legislature intentionally departed from California's code.  Accordingly, we do not find this line of reasoning persuasive.

individual claims and preclude Gudex from maintaining a class action for damages.[3]

## II. Standing

¶15    FCS also contends that Gudex lacked standing.  In response, Gudex asserts that FCS failed to preserve its standing argument, and that Gudex does in fact have standing.  Even if we assume that the standing issue is properly before us, we conclude that FCS's argument fails on the merits.

¶16    WISCONSIN STAT. § 427.105(1) provides relief for "a person injured by violation of this chapter."  FCS argues that Gudex was not "a person injured" because she did not have "actual damages."  However, in *Associates Financial Services Co. v. Hornik*, 114 Wis. 2d 163, 167 n.2, 336 N.W.2d 395 (Ct. App. 1983), this court held that consumers can seek relief under the WCA, even if they did not suffer any actual damages.

¶17    In its reply brief, FCS argues that *Hornik* is not dispositive because *Hornik* "did not consider the significance of the prerequisite condition that a person be 'injured by' the alleged violation."  To the extent that FCS is suggesting that *Hornik* is wrongly decided, we do not consider this argument as we are bound by a published court of appeal's decision.  *Cook v. Cook*, 208 Wis. 2d 166, 189-90, 560 N.W.2d 246 (1997) (holding that only our supreme court has the power to

---

[3] Gudex additionally argues that FCS's offer was insufficient because:  (1) it did not include reasonable costs and attorney's fees and any punitive damages; and (2) WIS. STAT. § 426.110(4)(c) is inapplicable to her claims for injunctive relief under the WCA and her claims for monetary relief under the FDCPA.  Given that we conclude that FCS's offer failed because it only offered individual relief, we do not address Gudex's other arguments.  *See State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) (stating that "cases should be decided on the narrowest possible ground").

overrule, modify, or withdraw language from a previously published decision of the court of appeals).[4] Thus, we are not persuaded that Gudex lacked standing.

¶18    In sum, we reject FCS's arguments and affirm.

*By the Court.*—Order affirmed.

This opinion will not be published.    *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[4] FCS also cites several federal cases to assert that Gudex's alleged confusion and fear of being sued are insufficient to establish standing. Gudex asserts, and FCS does not refute, that these cases applied the federal law of standing under the United States Constitution, which is a jurisdictional issue inapplicable to Wisconsin courts. *See ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989) (stating that "state courts are not bound by the limitations of a case or controversy or other federal rules of justiciability even when they address issues of federal law, as when they are called upon to interpret the Constitution or, in this case, a federal statute").